NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
July, 1877.

EAST RIVER NATIONAL BANK *v.* McCAFFREY.

*In the matter of the petition of the administrator of*
ANNIE T. McCAFFREY, *deceased.*

When a mortgage made by a deceased is foreclosed after his death and a
judgment for deficiency is recovered, the presumption is that if the
proceeds of sale were sufficient to pay the costs and expenses of the
foreclosure proceedings, they were applied to that purpose, and that the
judgment for deficiency does not include any costs, but only the amount
remaining due on the bond and mortgage, and such a claim therefore is
a debt due from the deceased in his lifetime, and one which the sur-
rogate may order his real estate sold to pay.

*Quære.* Whether Wood *v.* Byington (2 *Barb. Ch.*, 387,) and Sanford *v.*
Granger (12 *Barb.*, 392, 1 *Bradf.*, 328,) holding that real estate could
only be sold to pay debts due by the deceased in his lifetime, were
rightly decided.

ON a petition for a sale of real estate for the pur-
pose of paying debts, filed by the administrator, a
referee was appointed to take proof of the claims
against the estate, which might be presented, and
report thereon. The referee reported the proof, on
which the question was raised as to a claim of the
East River National Bank, for an alleged deficiency
on the foreclosure of a mortgage executed by dece-
dent to one Harriot, for the sum of $2,824.55,
which mortgage was foreclosed by said Harriot, the
property sold, and the deficiency ascertained to be the
sum aforesaid. The mortgage, with the bond accom-
panying the same, together with such deficiency on
foreclosure, was assigned by said Harriot to said
East River National Bank. The bond and mortgage,

together with the assignment, as also the judgment on foreclosure, and for the deficiency, were given in evidence, and the testimony of said Harriot taken, showing the actual deficiency, which concurs with the amount stated in the judgment.

J. NEWHOUSE, *for the petitioner.*

CHAS. WHELP, *for the creditor.*

J. N. TONNELLE, *for a freeholder.*

H. DE F. WEEKS, *for guardians.*

THE SURROGATE. — The evidence sufficiently shows that the mortgage in question was executed by the deceased on the purchase of property by her for the purchased price, and I see no reason why her estate is not liable to pay the deficiency arising from the foreclosure in question, except so far as that deficiency arose by reason of the costs and allowances on foreclosure, which, it is claimed, should be deducted from the alleged deficiency, under the authority of Wood *v.* Byington (2 *Barb. Ch.*, 387); and Sanford *v.* Granger (12 *Barb.*, 392). These cases are made to turn on the peculiar language of section two of 3 *Revised Statutes,* (sixth edition), 138,— " to pay his debts and funeral expenses." In Ball *v.* Miller (17 *How. Pr.*, 300), the court held that the effect of these various provisions was to limit the authority to sell real estate to the cases where the debts existed against decedent in his lifetime. There are expenditures necessary to be incurred after the death, such as funeral expenses and expenses of administration, which are properly payable out of the assets of the estate; but the real estate is not the primary fund

for the payment of debts. The personal estate is presumed to be, and generally is, ample for that purpose, and it is a salutary protection against improvident expenditure, and the course of the administration of an estate, that claims of this character should not be chargeable on the real estate. The personal representative having the personal assets in his hands, and knowing their amount, can always guard against loss to himself arising from such a quarter.

This explanation of the purpose of the statute may answer a very good purpose, where there are sufficient assets in the hands of the representative of the estate to pay the expenses of administration, and the necessary costs incurred in the proper defence of a claim against the estate, but instances may arise where it would seem to be the duty of the representative of an estate to defend a claim, yet such defence might prove unsuccessful, and costs be recovered against said representative where no assets came to his hands as the representative of such estate, and it would seem to be inequitable that the real estate of the testator should not be made liable for the costs and expenses awarded in an action brought against the estate to enforce its liability; for if the real estate be not chargeable, and there should be no assets with which to pay such costs, &c., the honest creditor would seem to be compelled to incur the expense and be left without remedy for its reimbursement, and this objection is not answered by the suggestion that if the representatives of the estate shall make improper defence, they may be charged personally for it. It may often

happen that they make a defence in good faith, though unsuccessful, and if made without excuse, the estate may be irresponsible, and in clear cases, like those above cited, I should feel compelled to follow the decision of those cases; it seems to me that this case does not come within the letter or spirit of these decisions. Here the mortgagee or his assignee brought foreclosure to enforce the claim, under the bond and mortgage, and with the proceeds, he may be held to have first paid the costs and expenses of foreclosure, and applied the balance to the payment of the debt and interest, and the balance of that debt and interest, after such payment, constitutes the deficiency, which is a part of the debt existing against the decedent in her life time, and I am of the opinion that it comes literally within the provisions of the statute in question authorizing such sale.

The demands presented are therefore adjudged valid, and subsisting against the estate of the deceased.

Order accordingly.