WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
August, 1878.

## BURNHAM v. HARRISON.

*In the matter of the estate of* MARTHA A. PECK, *deceased.*

One who has recovered a judgment against an executor, has no right to have the amount of his costs included in the sum allowed to him in proceedings before the Surrogate to mortgage the decedent's real estate for the payment of debts, but only the face of the judgment, notwithstanding the action was commenced in the lifetime of the decedent, and revived by the executor.

THIS was an application by an executor to mortgage real estate of the testatrix for the payment of her debts.

The facts are stated in the opinion.

ROBERT HARRISON, *executor, in person.*

WM. H. SEVENY, *for creditors.*

THE SURROGATE.—It appears that E. L. and B. T. Burnham instituted an action in the Supreme Court against the testatrix, in her lifetime, to recover the value of certain alleged services; that pending such action she died, and it was revived as against her legal representatives. They ultimately, after considerable litigation, recovered a judgment for $569.91 damages, and $366.87 costs. The counsel for the creditors insists that they are entitled, in this proceeding, to prove and be allowed the whole amount of their judgment, including costs, and refers to Benedict *v.* Caffe (3 *Duer,* 669); Merritt *v.* Thompson (27 *N. Y.*, 225),

.and other authorities cited in *Redf. Surr. Pr.*, 300, as showing that § 41, 2 *R. S.*, 90, is not applicable, and that they have a right to recover such costs in this proceeding. I think he is mistaken. The 41st section, discussed in the cases referred to, has no application to a proceeding of this character. It relates solely to costs in suits against executors and administrators, when recovered, and to the fund from which they are to be paid. The article, of which it is a section, prescribes the duties of executors, etc., in reference to the payment of debts and legacies. But this is a proceeding under the various provisions of title 4, which embraces an entirely different subject. Section one as amended in 1837, points out, that where the assets shall be found insufficient to pay *the debts* of the deceased, application may be made to the surrogate for authority to mortgage, lease, or sell the real estate to pay *such debts*. Clearly, this means debts which the deceased owed and was liable to pay at the time of his death. It certainly will not include, as such a debt, costs which accrued in a litigation with his executors, even where the action was commenced in his lifetime and revived subsequently.

Section 13, 2 R. S., 102, provides that the demands which shall have been recovered against the executors by the judgment of a court of law, upon a trial upon the merits, shall be entered by the Surrogate, etc. He receives the judgment roll as evidence simply establishing the fact that the deceased owed the debt. The statute thus prescribes the mode of proof. The land is not chargeable with the costs included in the judgment. (Ferguson *v.* Broome, 1 *Bradf.*, 10.)

If the judgment obtained in the action commenced against the deceased in her lifetime, and so revived, is to be regarded as a debt against her, then it would be a lien upon her real estate, and would not be such a debt as could be recognized in this proceeding, for a Surrogate can make no order for sale, etc., of real estate unless he shall be satisfied that the debts are not secured by judgment or mortgage upon, or expressly charged on the real estate of deceased. (Subd. 2, § 14.) But it is expressly declared by § 12, 2 *R.S.*, 449, that the real estate which belonged to any deceased person shall not be bound, or in any way affected by any judgment against his executors or administrators, nor shall it be liable to be sold by virtue of any execution issued upon such judgment.

The fact that the action was commenced against the deceased when living can make no difference. The judgment is against the executors. The doctrine laid down in Ferguson *v.* Broome (above) is applicable to this case.

I therefore, for these reasons, regard the judgment as proof that the deceased owed these claimants the sum of $569.91, and shall disregard so much as relates to the costs.

Ordered accordingly.