WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—February, 1881.

## HURD v. CALLAHAN.

*In the matter of the estate of* PATRICK CALLAHAN, *de-
ceased.*

The mere omission, by the holder of a bond and mortgage, to proceed
against the mortgagor, does not, in the absence of a request by the
guarantor, discharge the latter, though the value of the land has de-
preciated so as to be inadequate to pay the amount due.

One who " guarantees the payment of a bond and mortgage," engages to pay
not only the principal, but the interest which may accrue thereon.

When a mortgagee assigned the bond and mortgage with a guaranty of
payment, and died ; and thereafter the mortgage was foreclosed, and a
judgment for deficiency recovered, the proceeds of sale, being more
than sufficient for the purpose, having been applied by direction of the
court to the payment of costs, fees and taxes, on foreclosure, *Held,*
that those sums could not be considered as being any part of the
adjudged deficiency, the whole of which constituted a debt which de-
cedent's real property might be sold, etc., to pay.

East Riv. Bank *v.* McCaffrey, 3 *Redf.*, 97,—approved.

APPLICATION by a creditor, to mortgage, sell or lease
decedent's real property to pay his debts.

On November 17, 1871, John Finagan executed a bond
and mortgage to decedent, to secure the payment of
$782.50, in three years, with interest. On April 6, 1872,
Callahan assigned the bond and mortgage to James
Blackwell, the assignment containing a clause as follows :
" the party of the first part hereby guarantees the pay-
ment of the said bond and mortgage." In March, 1873,
Blackwell assigned the same to William C. Hurd. Cal-
lahan died March 23, 1874, leaving a will, of which Ellen
Callahan, his widow, was executrix. Interest was paid
on the bond and mortgage to November 17, 1875. In

1879, Hurd commenced an action to foreclose the mortgage, making the executrix a party defendant, and asking a judgment for deficiency, if any, against her and the obligor. A defense upon the merits was interposed by the executrix, the issue was tried, and a judgment of foreclosure and sale resulted. The premises were sold for $800. Out of this sum, there was paid $156.26, costs, $45.25, referee's fees and disbursements, and $49.73, taxes; and the residue, $548.76, was paid to the plaintiff in the action. This left a deficiency of $480.08, for which judgment was entered on May 15, 1880. In June of the same year, the executrix rendered an account of her proceedings as such, from which it appeared that the assets of said Callahan were insufficient to pay his debts. Thereupon, Hurd commenced these proceedings to obtain an order to mortgage, lease or sell the real estate of decedent to pay his debts. On the hearing, these facts were established, when it was proposed to prove, on behalf of the heirs, that the mortgaged premises had depreciated in value, from the time the mortgage became due, to the time of foreclosure and sale, about one-third. This was objected to, as immaterial.

Counsel for petitioner cited Brown v. Curtiss (2 N. Y., 225); Looney v. Hughes (26 N. Y., 514); East River Nat. Bank v. McCaffrey (3 Redf., 97).

Counsel for the widow and heirs objected that the petitioner, having been guilty of *laches*, was not entitled to the order sought (People v. Jansen, 7 Johns., 332); that the guaranty did not apply to the payment of interest, after the principal became due (Hamilton v. Van Rensselaer, 43 N. Y., 244), nor to taxes; that the costs and referee's fees (with the taxes) were a part of the amount of

the deficiency, and the real estate was not liable for their payment (Sanford *v.* Granger, 12 *Barb.*, 392; Wood *v.* Byington, 2 *Barb. Ch.*, 387; Ferguson *v.* Broome, 1 *Bradf.*, 10).

M. G. HART, *for petitioner.*

M. J. KEOGH, *for widow and heirs.*

THE SURROGATE.—The objection to the proof offered as to the depreciation in value of the mortgaged premises was well taken. The case of People *v.* Jansen has been overruled, and is no longer to be regarded as an authority (5 *Amer. Dec.*, 275, and *note*, 279). In no case is a surety discharged by mere *laches* of the creditor, unless after a request to prosecute the principal (Looney *v.* Hughes, 26 *N. Y.*, 514). The mere neglect of the holder of the bond and mortgage to proceed against the mortgagor, does not discharge the guarantor, though the value of the land become so depreciated as to be ultimately inadequate to pay the amount due (Brown *v.* Curtiss, 2 *N. Y.*, 225).

Callahan guaranteed the payment of the bond and mortgage. This was a guaranty of payment, not only of the principal, but also of the interest that might accrue thereon. The case of Hamilton *v.* Van Rensselaer (43 *N. Y.*, 244), cited by counsel for contestants, is not in point. There the guaranty was for the punctual payment of interest on a bond to run for several years, payable yearly, and an agreement to pay it on demand, in default of its payment by the obligor. It was held that the guaranty did not extend to the payment of interest accruing after the bond became due, as was claimed by the plaintiff. Ch. J. CHURCH remarked that the construction contended for by the plaintiff might render the contract as burden-

some *as if it had been a guaranty of the payment of the principal itself.*

It has been repeatedly decided that the real estate of deceased persons can only be sold in a proceeding like this, to pay their debts, and that the costs of actions brought against the executor or administrator to recover them, are no part of such debts. This is undoubtedly the law. The only question on this subject, in this case, is whether the deficiency in the amount realized embraces the costs, etc. The holder of the bond and mortgage exhausted his remedy against the land, and the supreme court has adjudged that the proceeds of sale were insufficient to pay the same ; and the amount remaining due thereon, for principal and interest, is the amount of the deficiency. The costs of the foreclosure were incidental to the endeavor to collect out of the mortgaged premises ; and although they were first paid out of the proceeds of sale, they cannot justly be considered as constituting any part of the amount still due on the bond and mortgage. I am to ascertain what remains due, and I find that $548.76 has, through legal proceedings, been paid thereon, and that there is still due $480.08, with interest thereon from May 15, 1880. No costs, as such, are included in this balance. The sale, if ordered, is for the purpose of paying it, and not to pay any costs.

Upon a guaranty of payment only, the holder *may* proceed, in the first instance, against the maker ; but if he does so, and subjects himself to costs, he cannot afterwards recover those costs of the guarantor, because he had his action, in the first instance, against the guarantor, and need not have incurred costs in an action against

the maker (*Theobald on Principal and Surety*, 90 ; Tuton *v.* Thayer, 47 *How. Pr.*, 180). But suppose the plaintiff in foreclosure had not made the executrix a party in that action, and had afterwards sued her on the testator's guaranty, to recover this deficiency, he would have obtained a judgment for the whole amount, with costs. Then he could have made a like application to this, and the amount of that judgment, exclusive of costs, would have been the debt against the decedent, he was entitled to recover in the proceeding.

In the case of Mosher *v.* Hotchkiss (3 *Keyes*, 161), although it was a case of guaranty of collection, the court lays down the abstract rule, as one of the reasons why the guarantor should not be allowed to have the costs of an action against the principal deducted from an amount collected from him and applied to the principal,—that where a sum of money has been collected by action against the principal debtor, the surety can have no equity to demand that so much of the money as shall be necessary to pay the expense of the collection, shall be withheld from that object, and be applied exclusively to satisfy the principal of the debt. The creditor is entitled to the whole of his demand, and the expenses of collection were legitimately deducted from the sum realized by execution against the principal debtor.

The case of Ferguson *v.* Broome (1 *Bradf.*, 10), cited by counsel for the heirs, was decided before the enactment of *Laws* 1869, ch. 845, which protects *bona fide* purchasers for value, after the lapse of three years from the date of letters testamentary, or of administration, which thus robs this right of the creditor of its character as "a hidden and tremendous lien." The case was de-

cided upon sound principles, as the law then stood, but is no longer an authority, in so far as its reasoning is in conflict with the provisions of that act. The language of that law implied that a sale may be made, on the application of a creditor, which is not presented until after three years has elapsed since the granting of letters. This proceeding having been commenced in July last, is unaffected by the provisions, on this subject, of the new Code.

While this case presents a different question from that discussed in the East River Nat. Bk. v. McCaffrey (3 *Redf.*, 97), and I do not, therefore, propose here to consider it, yet I am inclined to think the conclusion there reached to be sound.

The amount of the deficiency, with interest, must be established as the amount due to the petitioner.

Ordered accordingly.