(Surrogate's Court, Cattaraugus County. January, 1896.)

DECEDENT'S ESTATE—"DEBTS" ALLOWABLE AGAINST REAL ESTATE.
 The debts of a decedent for payment of which his real estate may be sold, and which Code Civ. Proc. § 2756, provides shall not include costs of a judgment against his executor or administrator, do not include costs of an action against the surviving partner of decedent.

Proceedings in the matter of the estate of Calvin S. Stowell, deceased, for disposition of decedent's real estate for payment of debts.

Cary, Rumsey & Hastings, for petitioner.
John J. Inman, for Frank Holdridge, creditor.
John C. Leggett, for Ackley and others, creditors.

DAVIE, S.   The decedent died, intestate, August 4, 1892.   On the 22d day of the same month, letters of administration upon his estate were granted to the petitioner, who filed his petition in this proceeding on the 22d day of June, 1895.   The facts required by section 2759 of the Code of Civil Procedure to be shown preliminary to the making of a decree have been satisfactorily established.   The only controversy which arises relates simply to the demands of the creditors who appear, and necessitates the determination of a single proposition.

The decedent at the time of his death, was a copartner with one Corbin.   On the 16th day of October, 1894, the creditors Ackley, Sill & Co. recovered a judgment in the supreme court against Corbin, as surviving partner, for the sum of $198.36 damages and $70.60 costs. On the 31st day of December, 1895, the creditor Holdridge recovered a judgment in the same court against Corbin, as such surviving partner, for the sum of $226.52 damages and $349.11 costs; and the execution issued thereon was returned wholly unsatisfied.   It is conceded that the damages established by each of these judgments are proper claims to be allowed in this proceeding; but it is urged on the part of the petitioner that the costs of such actions, having accrued since the death of decedent, cannot be satisfied from the moneys derived through the instrumentality of this proceeding.

The suggestion is made on behalf of these creditors that in consequence of the insolvency of the surviving partner and the insufficiency of personal assets of the estate, if the costs, which have evidently been incurred in the enforcement of valid claims against the firm of Corbin & Stowell, are not to be adjusted in this proceeding, the claimants are left entirely remediless so far as such costs are concerned. This suggestion would not be without force if the determination of the rights of these creditors was a matter addressed to any extent to the discretion of the court; but such is not the case.   Under the provisions of the statute authorizing the disposition of decedent's real estate for payment of debts and the construction placed thereon by the courts, no part of these costs can be allowed.   The title to real estate upon the death of the owner intestate vests immediately in the heir.   It can be taken for the payment of debts only by virtue

of the statute, and the statutory provisions must be strictly pursued. Kingsland v. Murray, 133 N. Y. 170, 30 N. E. 845. At common law, lands descended were not chargeable with the simple contract debts of the ancestor, nor was the heir liable upon specialty unless he was expressly named. 3 Bl. Comm. 430. But by Laws 1786, c. 27, such real estate was made liable to some extent for the payment of debts in case of insufficiency of personal assets; and probate courts were given authority to direct sale of such real estate upon certain conditions for that purpose. In 1801 and 1813 this liability was further extended and defined. Various provisions for the enforcement of this liability were incorporated in the Revised Statutes and the Code. Read v. Patterson, 134 N. Y. 131, 31 N. E. 445. By the terms of the original statute, the disposition of real estate was authorized through proceedings in probate courts solely for the payment of the debts of decedents. By a subsequent provision, this remedy was extended to funeral expenses; and, by the amendment of 1894, it was so extended as to authorize the proceeding for the payment of judgment liens existing at. the time of the decedent's death. Code Civ. Proc. § 2749. So it may be asserted with some degree of reason that, inasmuch as these various statutory provisions are to some extent in derogation of the rights of the heir at common law, the creditor seeking to avail himself of the benefits conferred should clearly show that his application comes within the intent and purview of the statute. The demands of these creditors not being for "funeral expenses," nor for a "judgment lien existing at the death of the decedent," it only remains to be determined whether the costs in the action against the surviving partner can be regarded as the debt of the decedent, within the meaning of the statute.

In Wood v. Byington, 2 Barb. Ch. 387, the chancellor, in his opinion, says:

"The act of April, 1843, does not charge the real estate with the costs of the suit in which the judgment or decree against the personal representatives is obtained, but merely makes the judgment or decree presumptive evidence of the existence and the amount of the debt due from the testator."

Under the provisions of 3 Rev. St. (6th Ed.) p. 108, authorizing the disposition of decedent's real estate "to pay his debts and funeral expenses," it was held that the effect of the statute was to limit such authority to cases of debts existing against the decedent in his lifetime, exclusive of costs incurred subsequent to his death in proceedings to enforce collection of such debts. Wood v. Byington, supra; Sanford v. Granger, 12 Barb. 392; Ball v. Miller, 17 How. Prac. 300.

In Hurd v. Callahan, 9 Abb. N. C. 374, Surrogate Coffin says:

"It has been repeatedly decided that the real estate of deceased persons can only be sold in a proceeding like this to pay their debts, and that the costs of actions brought against the executor or administrator to recover them are no part of such debts. This is undoubtedly the law."

The same conclusion was reached in Re Peck, 3 Redf. 345.

The present statute provides that:

"Where a judgment or decree has been rendered against an executor or administrator for a debt due from the decedent, the debt is, nevertheless,

deemed a debt of the decedent to the same extent, and to be established in the same manner, and, except as prescribed in the next section, subject to the same defenses as if an action had not been brought." Code Civ. Proc. § 2756.

The exception referred to in the section quoted is as follows:

"The debt for which the judgment was rendered cannot be allowed as against the property in question at any greater sum than the amount recovered, exclusive of costs." Code Civ. Proc. § 2757, subd. 1.

If costs duly recovered against a personal representative upon a claim due from the decedent are not to be regarded as a debt of the decedent, within the meaning of the statute, then much less can costs recovered in an action against the surviving partner of such decedent be allowed in proceedings like this. While none of the decisions above cited are directly in point, they all indicate a disposition on the part of the courts to limit the recovery in such proceedings to the amount actually owed by the decedent at the time of his death.

Ordered accordingly.

---

(15 Misc. Rep. 556.)

### In re MILLER'S ESTATE.

(Surrogate's Court, Chautauqua County. January, 1896.)

2. SAME—ACKNOWLEDGMENT—PAYMENT.
   A payment by an administrator to another than petitioner within six years will not take out of the statute a proceeding to obtain a distributive share through an accounting by the administrator in the surrogate's court.

3. SAME—FURNISHING ACCOUNT.
   Nor will such proceeding be taken out of the statute by reason of the fact that, within six years, the administrator furnished to each of the next of kin an account showing an indebtedness to him, in which he credited himself with disbursements incurred within the six years.