(39 App. Div. 248.)

In re FOLEY.

(Supreme Court, Appellate Division, Fourth Department.   March 22, 1899.)

ADMINISTRATION—SALES OF REALTY—DEBTS—COSTS.

Code Civ. Proc. § 2749, provides that real estate of a decedent may be sold for the payment of "his debts." Sections 2756, 2757, provide that a judgment against a personal representative for a debt due from decedent is deemed a debt of decedent, but that the same shall be allowed as against his real property at no greater sum than the amount recovered, "exclusive of costs." *Held* that, where a plaintiff dies pending suit, and the action is continued in the name of his personal representative, a judgment rendered against the latter for costs is not a "debt" of decedent, within section 2749, though section 3246 makes such a judgment chargeable upon, and payable out of, the "estate."

Appeal from surrogate's court, Monroe county.

Petition of John H. Foley for disposition of the real property of Magdalena Kuehn, deceased, for the payment of her debts.   The petition was dismissed, and petitioner appeals.   Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

George Truesdale, for appellant.
Richard E. White, for respondent Edward J. Kuehn.
John A. Bernhard, for respondents William Kuehn and others.

ADAMS, J.   The decedent, in her lifetime, commenced an action in the supreme court against the petitioner to recover upon a contract.   Shortly thereafter the decedent died, and thereafter the action was continued in the name of her executor, and finally resulted in a judgment against him for the sum of $402.54 costs.   This judgment is the only unpaid claim against the estate of the decedent, and, there being no funds in the hands of the executor with which to pay the same, this proceeding was instituted to obtain a sale of the decedent's real property.   At common law, the title to real estate vested in the heirs or devisees of the owner immediately upon his death, freed from his general debts.   But this rule no longer exists, and now a creditor may reach the real estate of his deceased debtor, and, under certain conditions, sell the same in satisfaction of his claim.   Code Civ. Proc. § 2749.   This right, however, is purely statutory, and, as the statute which confers it is in derogation of the common law, it should be strictly construed as against the party invoking its aid.   The section of the Code above cited provides that the real estate of a decedent may be sold "for the payment of his debts and funeral expenses, or for the payment of judgment liens existing thereon at his death," and for no other purpose.   In order, therefore, to test the right of the petitioner to maintain this proceeding, it only remains to determine whether his claim falls within the language of this section, for, unless

it can be made to appear that it does, he is clearly remediless. It is not contended that the petitioner's judgment was a lien upon the decedent's real estate at the time of her death, for it was not obtained until long thereafter; and it is, of course, equally clear that the funeral expenses of the decedent form no part of the petitioner's claim. It necessarily follows, therefore, that to entitle the petitioner to the benefit of the statute he must establish the proposition that his claim is in the nature of a debt against the decedent. This, we think, he has not succeeded in doing. A "debt," as defined by lexicographers, is "that which is due from one person to another." Cent. Dict. At the time of the decedent's death it is hardly necessary to suggest that there was nothing due from her to the petitioner, for, although she had brought her action, it was by no means certain that it would result in a judgment against her for costs, and, as a matter of fact, the greater portion of the costs which entered into the judgment had not then accrued, nor had the petitioner's right thereto been established. Had the action been brought by the executor, and a judgment for costs obtained against him therein, it would in no sense be regarded as a debt, within the contemplation of the statute. Code Civ. Proc. § 2757; Sanford v. Granger, 12 Barb. 397; In re Stowell's Estate, 15 Misc. Rep. 533, 37 N. Y. Supp. 1127. And no reason suggests itself to our mind why a different rule should obtain because a very inconsiderable portion of the costs was inchoate at the time of the decedent's death; and the case of Wood v. Byington, 2 Barb. Ch. 387, appears to be an authority directly in point, and one which fully sustains the respondent's contention. It is insisted, however, that since the decision of the case last cited section 3246 of the Code of Civil Procedure has either been enacted or amended so as to make costs against an administrator or executor chargeable upon and payable out of the estate which he represents, and that this indicates an intention on the part of the legislature to constitute the party to whom such costs are awarded a creditor of the estate. This is doubtless true so far as it concerns the personal estate of the decedent which has or may come within the control of his representative; but that it was not designed to make costs a debt or claim against the real estate is made manifest by reference to sections 2756 and 2757, which form a part of the title relative to the sale of real estate in surrogate's court, and which provide that, where a judgment or decree has been rendered against an executor or administrator for a debt due from the decedent, it will be deemed a debt of the decedent; but that the same shall be allowed as against his real property at no greater sum than the amount recovered, "exclusive of costs." We think that the learned surrogate was correct in the view which he took of this question when it was before him, and that the order appealed from should be affirmed.

Order affirmed, with costs. All concur; FOLLETT, J., in result.