**1. ADMINISTRATION—DEBTS OF DECEDENT—PREFERENCE.**
    A judgment for costs recovered against an administratrix in an action by her in her representative capacity to recover a claim alleged to be due the intestate in his lifetime is entitled to preference over debts due the general creditors, as an expense of administration.

**2. SAME—JUDGMENT FOR COSTS.**
    A judgment for costs against an administratrix in an action by her on a claim for debts due intestate in his lifetime is not a "debt" of the intestate; nor is the judgment creditor a "creditor" of the estate, within Code Civ. Proc. §§ 2719, 2722, relating to preferences in the distribution of the estate.

In the matter of the estate of Patrick Mahoney, deceased. Decree of distribution entered.

Charles H. Stage, for petitioner.
John D. Lyons, for administratrix.

SMITH, S. This matter was first before the court on an application made by William Jones, who had obtained judgment against Mary Mahoney as administratrix of said Patrick Mahoney, deceased, to compel the administratrix to pay the said judgment; and it was decided in that proceeding that a party holding a judgment against an administratrix, recovered upon a claim which did not exist at the time of the decedent's death, was not a creditor of the estate, within the meaning of section 2722 of the Code of Civil Procedure; following the cases of Hall v. Dusenbury, 38 Hun, 125; In re Foley, 39 App. Div. 248, 57 N. Y. Supp. 131. The judgment creditor now makes this application for leave to issue execution upon this judgment pursuant to sections 1825 and 1826 of the Code of Civil Procedure. An accounting has been had upon such application pursuant to section 2725, subd. 1, of the Code of Civil Procedure; and petitioner's right to the relief demanded depends upon the condition of such accounts, and whether or not there are any assets in the hands of the administrator, applicable to the payment of his judgment.

The first inquiry to which our attention must be directed relates to the class of claims to which the judgment of this petitioner belongs. The Code provides that where it appears that the assets, after payment of all sums chargeable against them for expenses and claims entitled to a preference as against the plaintiff, will not be sufficient to pay the claims of the class to which plaintiff belongs in full, the sum directed to be collected by the execution shall not exceed the plaintiff's just proportion of the assets. Section 1826. Petitioner's claim is a judgment for costs recovered in an action brought by the administratrix on a claim alleged to be due decedent in his lifetime. To which class of claims does it belong? The condition of the as-

sets is such that, if it must come in with the general creditors of the decedent, there will be little or nothing to pay it from, while if it is allowed equality with the other claims and expenses incurred in the administration of the estate it will receive a large percentage on the distribution. It is not included among the "debts" mentioned in section 2719, because the owner of it is not a creditor of the estate, as has already been shown. Hall v. Dusenbury, supra; In re Foley, supra. It is not controlled by the provision of section 2719 to the effect that commencement of a suit for the recovery of a debt, or the obtaining a judgment thereon, against the administrator or executor, shall not entitle such debt to preference over others of the same class. There was no debt here against the administratrix. Section 3246 requires the judgment to be collected out of the estate, and while I find no express provision of law which points out just what class of claims it belongs to, or what priority of payment shall be given it, I am of the opinion that it should have preference over general creditors of the estate, and be paid as a part of the proper and necessary expenses of administration. The representative brings action upon a claim which she has good reason to believe is justly due the estate. The action is tried, and results in a judgment against her for costs. Her own expenses and disbursements are proper charges, as expenses of administration. Would it be equitable or just to compel the party sued, and who was successful in his defense, to take his chances for his legitimate costs with the general creditors of the estate, which in many instances, as in this case, would prevent him from recovering anything on the judgment? I cannot see it in that light, and must rest my decision in this proceeding upon those cases which hold the contrary view. See Shields v. Sullivan, 3 Dem. Sur. 296; In re Randell's Estate (Sur.) 8 N. Y. Supp. 652; In re Casey's Estate (Sup.) 6 N. Y. Supp. 608; Insurance Co. v. Stevens, 37 N. Y. 536.

The petitioner's judgment, being entitled to preference over the general creditors of deceased, it is no answer to the application to say that the administratrix has paid the debts in full, and thus disposed of the assets of the estate. Such payments are made at her peril, and she must still respond to the persons entitled thereto for the funds so distributed. The account and proofs filed in this proceeding show that the administratrix received personal property belonging to the estate of the value of $560. She has paid for funeral expenses, which have preference, $55; she has paid out for other expenses of administration $27.50, on application for letters; she has paid $32 for taxes; and her commissions are $28; and she is entitled to exempt property, as shown by the account, of $180; making a total of $322.50, and leaving a balance in her hands of $237.50 applicable to petitioner's claim and the claim of her own attorney for costs in said suit, both of which are entitled to share equally in the distribution. The amount to which the petitioner is entitled on such pro rata distribution of the assets remaining as above is the sum of $135.60, and an order may be entered directing execution to issue against said administratrix for such amount.

Decreed accordingly.