(15 App. Div. 82.)

## CONGREGATION SHOMRI LABOKER ANSHE SAKOLER v. SINDRACK et al.

(Supreme Court, Appellate Division, Second Department.   March 16, 1897.)

1. ADMINISTRATORS—ASSIGNMENT BY NEXT OF KIN.
   An assignment by the next of kin of a portion of intestate's bank deposit, made before the appointment of an administrator, in consideration of the burial of intestate, conveys no legal title to the deposit, but is an equitable assignment.

2. PLEADING—COMPLAINT—MISJOINDER OF CAUSES.
   A single cause of action, for the enforcement of the assignee's claim, is stated by a complaint against the next of kin and the administrator, alleging the assignment, and that the deposit has been withdrawn by the administrator, and asking that, to the amount of the assignment, it be impressed with a trust, and paid to plaintiff.

Appeal from special term, New York county.

Transferred from the First department.

Action by the Congregation Shomri Laboker Anshe Sakoler against Abraham Sindrack individually, and said Abraham Sindrack and another as administrators of the estate of Morris Sindrack, deceased.   From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles I. Schampain, for appellants.
Abraham H. Sarasohn, for respondent.

CULLEN, J.   The complaint alleges that one Morris Sindrack died, leaving his brother, the individual defendant, Abraham Sindrack, his only next of kin, and possessed of a deposit in a savings

bank exceeding in amount the sum of $800; that the plaintiff contracted with the defendant Abraham Sindrack for the burial of Morris, and that, in consideration therefor, Abraham agreed to pay the sum of $80, and executed an assignment·in writing, whereby he transferred and assigned to the plaintiff $80 out of the amount on deposit in the savings bank; that the plaintiff thereupon buried the deceased; that thereafter letters of administration on the estate of the deceased were issued to Abraham Sindrack and David Friedman; that, in fraud of the plaintiff's rights, the defendants, as administrators, drew out the entire amount on deposit in the bank, and refused to pay the plaintiff the sum of $80, agreed to be paid it for the burial of the deceased; that the plaintiff has no adequate remedy at law, because the defendant Abraham Sindrack is without any financial responsibility. The plaintiff demanded judgment, that a trust be impressed upon the money in possession of the defendants drawn from the savings bank to the extent of $80, and that that sum be paid to the plaintiff. To this complaint, the defendant Abraham Sindrack, individually, and both defendants, as administrators, interposed several demurrers, on the ground that several causes of action are improperly united. From an interlocutory judgment overruling such demurrers, this appeal is taken.

It is not necessary to say whether the plaintiff could have maintained an action at law against the administrators individually on its claim for services in the burial of the deceased. As a general rule, such a claim can be maintained where the administrator has received sufficient assets to discharge it. Rappelyea v. Russell, 1 Daly, 214; Patterson v. Patterson, 59 N. Y. 574. Whether the action would lie in this case, as the services were rendered, not on the credit of the estate, but on that of the brother individually, may be involved in some doubt. Lucas v. Hessen, 17 Abb. N. C. 271. If, however, it were conceded that the plaintiff could sue at law the defendants individually, it does not follow that it is limited to that remedy. The defendant Abraham Sindrack assigned to the plaintiff $80 out of the savings bank deposit. Of course, the plaintiff is all wrong in its claim that the title to this money was in the brother as next of kin, and that its withdrawal by the administrators was an act in fraud of the plaintiff's rights. Nevertheless, the instrument was operative as an equitable assignment of the brother's interest as next of kin in the estate of the deceased, to the extent of plaintiff's claim. The action was therefore properly brought to establish the assignment, and to enforce the payment by the administrators of the claim out of any distributive share to which Abraham might be entitled upon closing the estate. To such an action the assignor and the administrators who held the fund were both necessary and proper parties. A good cause of action is stated against each, and it is but a single cause of action to establish plaintiff's interest in the fund.

The judgment appealed from should be affirmed, but as the complaint is drawn singularly inartificially, and possibly misleading, the affirmance should be without costs. All concur.