LLEWLLYN G. BARTER, Plaintiff, *v.* JULIA A. HAWKS-WORTH, Individually and as Administratrix of the Estate of ROBERT D. DELANEY, Deceased; CHARLES DELANEY et al., Defendants.

(Supreme Court, Ulster Special Term, January, 1918.)

Decedents' estates — sale of, for payment of debts — preference of claim for funeral expenses over all other debts — executors and administrators — Surrogate's Court — foreclosure of mortgages — actions — judgments.

The husband of a niece of a decedent had a just claim against his estate for funeral expenses which he had paid. The administratrix failed to keep her agreement that if the claimant would refrain from instituting a proceeding in the Surrogate's Court to sell decedent's real estate she would sell the same at private sale and pay the claim out of the proceeds. *Held*, that

claimant having desisted from his remedy in Surrogate's Court until it was barred by the statute, the agreement of the administratrix was effective to create a charge or lien upon the real estate to the extent of the claim for funeral expenses.

In the meantime, upon the foreclosure of the mortgage given by decedent upon certain real estate in another state, a judgment for deficiency was entered against decedent, upon which an action was brought in this state against his administratrix and a recovery obtained, and under an execution issued upon said judgment decedent's real estate in this state was sold and bought in by the judgment creditor. The administratrix having nothing with which to pay the claim for funeral expenses, the present action was brought to have a lien declared upon the real estate in this state for the claim for funeral expenses. *Held,* that the land upon which the mortgage was foreclosed being the primary fund for the payment thereof, it would be inequitable to postpone the claim of plaintiff herein to that of the deficiency judgment creditor of the decedent, the claim for funeral expenses having preference over all other debts.

ACTION in equity to declare a lien upon real estate.

James Jenkins, for plaintiff.

Roscoe Irwin, for defendant Julia A. Hawksworth.

Spalding, McCabe & Jackson (Frederick E. W. Darrow, of counsel), for defendant Rimmelin.

Joseph M. Fowler, for himself as receiver.

N. H. Fessenden, for defendant Olaf O. Reese.

HASBROUCK, J. Robert D. Delaney died January 30, 1914, in the ownership of two parcels of real estate. One situate at Tenafly, N. J.; the other on the Saugerties road in the town and county of Ulster. He left

him surviving a sister, Julia A. Hawksworth. His brothers Charles P. Delaney and William D. Delaney, residents of Great Britain, died many years ago. He was also possessed of certain savings bank books which he gave to his niece, the wife of the plaintiff and daughter of the defendant, Julia A. Hawksworth, and some other personal property amounting to $400, which has been substantially used up in expenses of administration. Letters of administration on his estate were granted to his sister, Julia A. Hawksworth, June 25, 1914, by the surrogate of Ulster county.

On January 26, 1914, the intestate wrote a letter to his said niece in which he intimated his expectation that she would bury him. In pursuance thereof she asked her husband to pay the funeral expenses in an amount in excess of $400. An agreement was made on the day defendant Hawksworth was appointed administratrix that the plaintiff's claim for $400 was just. Thereafter another agreement was made by and between the same parties that, if plaintiff would refrain from instituting proceedings in the Surrogate's Court to sell the real estate in Ulster county, she would sell the same and pay him his claim out of the proceeds. This agreement she failed and neglected to keep. The time within which the application for such sale in the Surrogate's Court might have been made was eighteen months of the issuance of letters of administration. Such was the holding of the surrogate of Ulster county on an application made after the lapse of eighteen months. Meantime the intestate having several years ago made a mortgage on his New Jersey real estate and given a bond and defaulted in the payment thereof the mortgage was foreclosed. In such foreclosure a deficiency was found. Upon the foreign judgment action was brought in this state against

Julia A. Hawksworth as such administratrix and a judgment of approximately $900 obtained. Under execution and sale thereunder the Ulster county real estate has been sold and bought in by the defendant Rimmelin, the judgment creditor, for $950. There remains nothing in the hands of the defendant Hawksworth with which to pay the estate's debt to the plaintiff. The plaintiff therefore asks in equity that a lien be declared upon the real estate owned by the intestate to the extent of the plaintiff's claim for funeral expenses. The claim of the plaintiff must fall unless it can be maintained in this action.

Upon the request of the niece of the intestate it was proper for her husband, the plaintiff, to expend a reasonable amount of money for the funeral services, transportation of the body to the burial place and the burial of it. This duty was cast upon the executor of a deceased by the Revised Statutes and is contained in the Code of Civil Procedure, section 2693. "From this duty springs a legal obligation, and from the obligation the law implies a promise to him who, in the absence or neglect of the executor, not officiously, but in the necessity of the case, directs a burial and incurs and pays such expense thereof as is reasonable." *Patterson* v. *Patterson,* 59 N. Y. 583.

The plaintiff here having such a claim against the estate of the intestate had the means of enforcing it by proceeding to a sale of the real estate in the Surrogate's Court. This right the plaintiff lost in reliance upon the agreement of Julia A. Hawksworth, the administratrix and heir of the intestate, that she herself would sell the real estate at private sale and pay him his $400 out of the proceeds. The effect of the agreement which was partly executed, for the plaintiff did desist from his remedy in the Surrogate's Court until the statutes barred it, was to create a charge or

lien upon the land to the extent of the $400. Such clearly was the intention of the plaintiff and the defendant Hawksworth. The significance of the transaction was to continue the lien; to surrender the lien of the statute and to substitute that contained in the agreement. The court has held an equitable assignment to have been well made and enforceable in a case differing not radically from the case at bar, save that the subject of impressing the lien here is real estate instead of a savings bank deposit. *Congregation S. L. A. Sakoler* v. *Sindrack,* 15 App. Div. 82; *Matter of Kipp,* 10 Ann. Cas. 456.

The *Sakoler* case bears out the general rule regarding equitable liens found stated in Lawson's Rights, Remedies and Practice, section 3094: "Every express executory agreement whereby the contracting party sufficiently indicates an intention to make some particular property real or personal a fund therein, identified a security for a debt or other obligation or whereby the party promises to convey, assign or transfer the property creates an equitable lien upon the property so indicated, which is enforceable against the property." *Shields* v. *Whitaker,* 82 N. C. 516; *Knott* v. *Manfg. Co.,* 30 W. Va. 790; *Hauslet* v. *Harrison,* 105 U. S. 401; *Richardson* v. *Rust,* 9 Paige, 243.

The rule above stated is not in conflict with *Van Orden* v. *Krouse,* 89 Hun, 1, relied upon by defendant Rimmelin. There an undertaker who had not been employed and who was a volunteer undertook to impress a trust upon the estate of one Krouse. The court said "there is no legal principle upon which this action can be maintained." Formerly the trusts of administrators and executors laid within the jurisdiction of courts of equity but lately this jurisdiction has become obsolete. "Partly from prohibitory and partly from permissive statutes, * * * it has in all

ordinary cases been wholly withdrawn from the equity tribunals and exclusively exercised by the probate courts.'' Pom. Eq. Juris. § 156.

The difference between the *Van Orden* case and that at bar is wide. There is no statute affording warrant to a creditor for funeral expenses to pursue the estate in the possession of the heir. Such statute only relates to the debts of the testator; and the expenses of a funeral are not '' strictly a debt due '' from the decedent. *Patterson.* v. *Patterson, supra.*

There would be no equity in postponing the claim of the plaintiff to that of Rimmelin the deficiency judgment creditor of the deceased. The land covered by the mortgage was the primary fund for the payment of the debt. The debt or claim for funeral expenses is preferred in payment to all other claims and debts of the decedent. Code Civ. Pro. § 2686; Redf. (5th ed.) 438, and cases cited.

The lien of the plaintiff should at least be held to attach at the date of its making which was long prior to the establishment of a judgment for a deficiency in this state.

There was no equitable principle to found Van Orden's claim upon. That upon which plaintiff's claim is founded seems indubitable.

The plaintiff should have judgment as demanded in the complaint.

Judgment accordingly.