AMOS R. ENO, Plaintiff, v. PAULINE S. RAPP and Others, Defendants.

Supreme Court, Special Term, New York County, October 19, 1938.

*Coudert Bros.*, for the plaintiff.

*Rosenblum & Sommer*, for the defendant Pauline S. Rapp.

*McCormick & Eckel*, for the defendant Continental Casualty Company.

VALENTE, J. Section 3 of the Lien Law provides substantially that the labor or material must be furnished " with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor " before an alleged lienor may have a valid lien on real property. Section 2, which defines the term owner, clearly indicates that an " owner " is a person having a " right, title or interest in such real property, which may be sold under an execution." Obviously a receiver does not come within that category or classification. Here the materials were furnished by the lienor at the mortgaged premises at the request of the agent of the receiver and concededly without the consent or request of the owner. Such a lien cannot be sustained in view of the express provisions of the statute. I am not unmindful of the fact that the provisions of the Lien Law which affect mechanics' liens must receive a liberal construction to secure the beneficial purpose had in view by the Legislature, yet as the statute creates a remedy unknown to the common law, it may not be extended to cases not fairly within its general scope and purview. (See *Spruck* v. *McRoberts*, 139 N. Y. 193.) It follows that the motion to direct the receiver and his surety to discharge the lien out of receivership funds must be denied, and the cross-motion to discharge the lien granted. Settle order.