In the Matter of the General Assignment of the MARSTAN PLUMB-ING Co., INC., Assignor, to ABRAHAM KRADITOR, Assignee.

Supreme Court, Special Term, Kings County, May 5, 1941.

*Louis Rubin*, for the assignee.

NOVA, J. The petitioner, Daniel-Morris Co., Inc., supplied a pump to the corporate general contractor, which subsequently made an assignment for the benefit of creditors. The Jewish Sanitarium and Hospital for Chronic Diseases, the owner of the building in which the pump was used, paid the assignee a sum in excess of the value of the material furnished. The petitioner now moves for an order directing the assignee to pay over the sum of $650 due on its contract with the general contractor, asserting that pursuant to section 36-a of the Lien Law the moneys paid by the hospital to the assignee are trust funds which belong to the petitioner and not to the assignee.

That part of the Lien Law relevant to this matter provides: " The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement, * * *."

It is evident from the language of this section that the Legislature intended to protect all claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement and, as is pointed out by the assignee, there are other creditors similarly situated as the petitioner who have furnished material and labor for the very job in question. They, together with the petitioner, form a class which should, in my opinion, equitably share in the funds upon which the statute has imposed a trust.

An assignee takes the property of his assignor subject to all equities and liens that might have been in force before the assign-

ment. (*Kane Co.* v. *Kinney*, 174 N. Y. 69, 73.) Therefore, the statute imposed a trust upon the money paid by the hospital to the assignee. (*Vulcan Rail & Constr. Co.* v. *County of Westchester*, 250 App. Div. 212.)

The petitioner argues that the moneys paid by the hospital to the assignee do not properly constitute a portion of the assigned estate because they are trust moneys to which the petitioner is entitled. It is my opinion that such argument is unsound. What the assignor assigned here was its claim for moneys due from the hospital based on a contract. Any amount due on the contract was not a trust fund in the hands of the hospital, but was declared by section 36-a of the Lien Law to constitute a trust fund when " received " by the contractor from the owner.

Petitioner further argues that it has not filed its claim with the assignee because to do so would constitute the filing of a secured claim as an unsecured debt and would thereby waive the security. With this thought I cannot agree. The lienors who filed their claims with the assignee did not waive their lien nor right as *cestuis que trustent* under the trust created by section 36-a of the Lien Law. (*Matter of Burr Mfg. & Supply Co.*, 217 Fed. 16, 20.) Although the question was not directly before the court, it was said: " A secured creditor does not waive his security by proving his debt in the bankruptcy proceedings, if he proves it is a secured debt. But if he proves his debt as unsecured he waives the security." (*Matter of O'Gara Coal Co.*, 12 F. [2d] 426; 46 A. L. R. 922 *et seq.*)

It has been held generally in the few cases wherein the question has been presented that one who files a claim with or accepts a dividend from an assignee for creditors does not waive any lien which he holds against the property of his debtor. (*Peterson* v. *Bergman Cabinet Mfg. Co.*, 145 Wash. 664; 261 P. 381; 55 A. L. R. 993, 994.)

By the same logic and reasoning the petitioner herein did not lose any rights by its failure to file its claim with the assignee, and I hold that this application is sufficient notice of its claim against the assignee. Thus all parties are equally protected.

The assignee herein should segregate the trust money for the benefit of those who performed work or supplied materials on this hospital job as a special trust fund apart from general creditors' funds to be equitably distributed to those legally entitled thereto so that the full intention of section 36-a of the Lien Law may be carried out.

Motion denied.