Mabio PiTTom, J.
Plaintiffs move to dismiss an affirmative defense. Defendants cross-move for judgment on the pleadings.
The action is by plaintiffs, claiming to be materialmen and laborers, to enforce a trust, under the appropriate provisions of the Lien Law, against funds and property in the hands of the defendants and asserted to be the proceeds of a mortgage intended to improve the real property upon which the plaintiffs worked. The claims are individually asserted and the complaint is not pleaded as a representative action. The defendants Bareli and Istra Construction Oorp. pleaded as a third affirmative defense,11 That the complaint fails to comply with the provisions of Article 3 A of the Lien Law in that this action is not a representative action brought for the benefit of all beneficiaries of the alleged trust.” The plaintiffs moved to dismiss this defense as insufficient. The defendants cross-move for judgment on the pleadings.
Prior to the enactment of article 3-A of the Lien Law by chapter 808 of the Laws of 1942, the provisions of section 25-a of that law created no new cause of action to enforce a trust, whether individual or representative. (New York Trap Rock Corp. v. National Bank of Far Rockaway, 260 App. Div. 1035, affd. 285 N. Y. 825; Raymond Concrete Pile Co. v. Federation Bank, 288 N. Y. 452.)
The present litigation is subject to the provisions of old article 3-A of the Lien Law (L. 1942, ch. 808). Although that article was repealed and re-enacted with changes by chapter 696 of the Laws of 1959, section 16 of the latter chapter makes the amended law applicable only- to trusts arising after September 1, 1959; and if any trust exists which can be enforced in this action, it was created, and the acts allegedly wrongful' occurred, before that date.
It has been repeatedly held that the trusts created by article 3-A of the Lien Law, pursuant to the 1942 amendment, may be enforced, as provided by old section 71 of the Lien Law only in a representative action brought for the benefit of all beneficiaries of the trust. (Chingos Constr. Corp. v. Carlton Props., *817 13 Misc 2d 577, affd. 7 A D 2d 1020; Matter of Industrial Laundry Mach. Co., 3 A D 2d 843; Matter of Einach, 1 Misc 2d 537.)
The plaintiffs ’ motion to strike the defense is denied and the defendants’ motion for judgment on the pleadings is granted; but permission is given to the plaintiffs to replead within 10 days after service on them of a copy of the order to be entered hereon, with proof of service. (Tannenbaum v. Homer Harman, Inc., 5 A D 2d 888.) Settle order on notice.