■ In the Matter of the Estate of LILLIAN KARL, Deceased. RONALD KARL, Appellant; HERMAN DWORKIND, Respondent. [701 NYS2d 66] —In a proceeding to settle the account of the executor of the estate of Lillian Karl, the objectant appeals from (1) a decision of the Surrogate's Court, Suffolk County

(Prudenti, S.), dated April 20, 1998, and (2) stated portions a decree of the same court, dated June 2, 1998, which, *inter alia*, fixed the amount of compensation due the petitioner in the amount of $13,634.85.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that pursuant to SCPA 2302 (5) the matter is remitted to the Surrogate's Court, Suffolk County, to determine the amount of reasonable counsel fees and other expenses incurred by the petitioner in the course of this appeal; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant personally.

The petitioner, as executor of the subject estate, was not obligated to apply the balance of funds remaining in the estate toward the payment of estate taxes since the payment of reasonable fees for the executor and attorney in an estate are matters entitled to a higher priority as administration expenses (*see,* SCPA 1811 [1]; *see also, Matter of Dinger,* 118 Misc 2d 781; *Matter of Einach,* 1 Misc 2d 537; *Matter of Franklin,* 26 Misc 107; *Matter of Casey,* 53 Hun 635). Indeed, neither the petitioner's decision to reserve these funds to pay administration expenses, nor any of his challenged decisions throughout his management of the estate, warranted the imposition of a surcharge (*see,* SCPA 2212; *Matter of Donner,* 82 NY2d 574, 585; *Matter of Rothko,* 43 NY2d 305, 320).

In addition, the equities of this case warrant that the petitioner receive from the objectant, in his personal capacity, an award of an attorney's fee and other expenses representing the reasonable costs of defending the instant appeal (*see,* SCPA 2302 [5]). The matter is therefore remitted to the Surrogate's Court, Suffolk County, for a determination of these expenses.

The appellant's remaining contentions do not require reversal under the circumstances of this case, and the petitioner's remaining contention is academic in light of our determination. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.