# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**621**

**KAH 15-00451**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
PHILLIP JOHNSON, PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

PATRICK M. O'FLYNN, SHERIFF OF MONROE COUNTY,
RESPONDENT,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION AND NEW YORK STATE DIVISION
OF PAROLE, RESPONDENTS-RESPONDENTS.

---

MICHAEL JOS. WITMER, ROCHESTER, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), entered March 11, 2015 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ORDERED that said appeal insofar as it concerns the finding of probable cause at the preliminary revocation hearing is unanimously dismissed and the judgment is affirmed without costs.

Memorandum:  Petitioner appeals from an order dismissing his petition for a writ of habeas corpus.  Although the order was subsumed in a subsequent judgment from which no appeal was taken, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see People ex rel. Cass v Khahaifa*, 89 AD3d 1517, 1517-1518; *see also* CPLR 5520 [c]).  Petitioner's contentions in support of his request for habeas corpus relief, however, relate to a finding at a preliminary revocation hearing that probable cause existed to believe that he violated the conditions of his release to postrelease supervision (PRS), and those contentions have been rendered moot by the revocation of his PRS following a final revocation hearing.  Thus, we dismiss the appeal insofar as it concerns the finding of probable cause at the preliminary revocation hearing (*see People ex rel. Chavis v McCoy*, 236 AD2d 892, 892; *see also People ex rel. Campolito v Hale*, 70 AD3d 1474, 1474).  Petitioner concedes that his further contention concerning the computation of his sentence was not properly raised in the context of this habeas corpus proceeding, and we do not consider it appropriate on this record to grant his request that we exercise our power under CPLR 103 (c) to convert this proceeding into a CPLR article 78 proceeding (*see People*

*ex rel. Keyes v Khahaifa*, 101 AD3d 1665, 1665, *lv denied* 20 NY3d 862; *People ex rel. McCullough v New York State Div. of Parole*, 82 AD3d 1640, 1640-1641, *lv denied* 17 NY3d 704).

Entered:  July 1, 2016                          Frances E. Cafarell
                                                Clerk of the Court