Matter of Ralph C. (Cavigliano) (2019 NY Slip Op 06335)





Matter of Ralph C. (Cavigliano)


2019 NY Slip Op 06335


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


709 CA 18-02156

[*1]RALPH C., AN ALLEGED INCAPACITATED PERSON. CATHOLIC FAMILY CENTER, APPELLANT; ROBERT CAVIGLIANO, MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES AND JOHN M. SCATIGNO, COURT EXAMINER, RESPONDENTS. 






DUTCHER & ZATKOWSKY, ROCHESTER (YOLANDA RIOS OF COUNSEL), FOR APPELLANT.


 Appeal from an order and judgment of the Supreme Court, Monroe County (Joan S. Kohout, J.), entered April 25, 2018. The order and judgment, insofar as appealed from, denied that part of the application of appellant seeking an award of counsel fees. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs and that part of the application seeking an award of counsel fees is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Appellant was appointed as the guardian of a now-deceased incapacitated person (IP). Following the IP's death, the guardian filed its final accounting and applied to discharge the guardianship. As part of its application, the guardian sought permission to disburse guardianship property that it had retained to cover its counsel fees in connection with the guardianship. As limited by its brief, the guardian now appeals from an order that, inter alia, denied its request for counsel fees and directed it to return the funds retained for that purpose to the IP's estate (see Mental Hygiene Law § 81.44 [d]).
Preliminarily, we note that the interlocutory order appealed from was subsumed in a final order and judgment, the entry of which terminated the guardian's right to appeal from the interlocutory order (see Matter of Aho, 39 NY2d 241, 248 [1976]). We nevertheless exercise our discretion under CPLR 5520 (c) to treat the notice of appeal as valid, and we deem the appeal to have been taken from the final order and judgment (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d 1009, 1010 [2d Dept 2018]; People ex rel. Johnson v O'Flynn, 141 AD3d 1107, 1107-1108 [4th Dept 2016]).
On the merits, we agree with the guardian that Mental Hygiene Law § 81.44 (e) authorizes its retention of a reasonable amount of guardianship property for the purpose of paying its counsel fees in connection with the guardianship. Section 81.44 (e) provides, in relevant part, that a guardian may retain "guardianship property equal in value to the claim for administrative costs, liens and debts," and we have held that the "administrative expenses" of a guardianship—i.e., the administrative costs, liens and debts referenced in the statute—include reasonable "counsel fees incurred in providing services to [the guardian]" (Matter of Banks [Charlie B.H.], 108 AD3d 1055, 1056 [4th Dept 2013]; see also Matter of Karl, 266 AD2d 392, 393 [2d Dept 1999]; see generally Matter of Shannon, 25 NY3d 345, 347-353 [2015]). We therefore reverse the order and judgment insofar as appealed from, and we remit the matter to Supreme Court to fix a reasonable award of counsel fees (see Banks, 108 AD3d at 1055-1056).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court