real estate undisposed of at the termination of such trust, as shown by his direction to the trustee to divide the proceeds of such real estate as was unsold, and also "such other real and personal estate as may then exist."

The question being determined, the remaining question is whether the provisions of the will offend against the statutes limiting the suspension of the power of alienation. Ostensibly the trusts created simply suspend the power of alienation during the lifetime of the widow, and the said daughter, Mary E. Jagel; and if the provision of the seventh paragraph regarding the division of the trust fund upon the death of said daughter, Mary E. Jagel, had not been interfered with, then such provisions would have been complete. But it will be observed that, further on in such paragraph, the direction to divide the estate upon the death of said Mary E. Jagel is limited by the provision that, in case all of such children should die under the age of 21 years, the property is to be divided between the brothers and sisters of the deceased. In consequence of this provision, the duration of such trust is not measured solely by the life of Mary E. Jagel, except the children should die previous to her death. If she died and left children under the age of 21 years, such estate could not be divided, but the trust must continue until either some one of such children should reach the age of 21 years or they all died previous to that period. There is, therefore, the probability that this trust would really be measured by five lives in being rather than by two lives in being as limited by the statute.

The cases quoted by the counsel for the trustee do not any of them discuss a situation such as has arisen in the case under consideration. They are, each of them, an illustration of the general principle and as such are valuable; but in none of them is there an intimation that such a condition of affairs as here exists can be regarded as not violating the statute in question. The only one of the cases which at all approximates the condition here disclosed is that of Bird v. Pickford, 141 N. Y. 18, 35 N. E. 938. But a careful examination of that case will reveal the fact that while, in the first instance, the document read as if it was to cover the lives of three persons in being, by the subsequent paragraphs in the will it depended only upon the lives of two persons, as it provided that, in the event of two of them being dead before the third then the third took the estate absolutely, whereas, if the third should die before the other two, then the trust should also cease.

The provisions in question, therefore, being illegal and improper, the trust has ceased to exist, and Mary E. Jagel is entitled to the entire corpus of the estate.

Decreed accordingly.

(49 Misc. Rep. 203)

## In re SCHUESSLER'S ESTATE.

### (Surrogate's Court, Kings County.  January, 1906.)

EXECUTORS AND ADMINISTRATORS—DISTRIBUTION OF ESTATE.

Under Code Civ. Proc. § 2799, providing that where surplus money arising on foreclosure is paid into the Surrogate's Court at any time before final distribution, and there is pending a proceeding for the sale of the decedent's estate, the decree shall provide that the money shall be

paid to his administrator. *Held* that, where no proceeding for such sale is pending, every person entitled to share in the distribution of the proceeds must be cited.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 1281.]

In the matter of the estate of Kasper Schuessler, deceased. Proceeding for the distribution of surplus money arising on foreclosure. Proceeding dismissed.

Hugh Wintner, for petitioner.

P. A. Hatting, for Ferdinand Schuessler, Mary A. Schuessler, Friedrich Schling, Anna S. Bennett, and Amelia A. Stillwell, executrices of A. E. Stillwell, deceased, and Victor L. Bedingfield.

William D. Veeder, for respondents.

CHURCH, S. This is a proceeding for the distribution of surplus moneys arising on a foreclosure suit which have been paid into the Surrogate's Court.

The method of distribution of such moneys is covered by section 2799 of the Code of Civil Procedure. By the first part of the section it is provided that, where at the time of the payment of such money into the Surrogate's Court, or at any time before the final distribution of the same, there is pending a proceeding for the sale of decedent's real estate to pay his debts, then the decree shall provide that such money be paid to the administrator. By chapter 750, p. 1907, of the Laws of 1904, the proceedings for the sale of decedent's real estate to pay his debts were very much simplified; and, instead of the surrogate hearing at length the rights and priorities of the creditors and other persons interested in the fund, it was provided that the proceeds of the sale should be applied by the administrator as if he were an executor acting under a power of sale contained in a will. If such a proceeding was pending, therefore, at the time of the payment of this money into court, the matter would be an extremely simple one, and the decree would simply provide for the money being paid to the administrator. But the petition herein alleges that such is not the case. We therefore pass to the provision in the section affecting such a condition of affairs. This provides for the presentation of a petition praying for the distribution of the money. But, in order to give the court jurisdiction to make a decree upon such petition, every person entitled to share in the distribution of the proceeds of the sale must be cited, and on the return of the citation the rights and priorities of such persons must be established. The petition herein does not comply with this provision of the Code. It is true that it recites that certain persons are heirs at law, and it also mentions that certain other persons claim to be creditors. But it does not show, affirmatively, that they are the only persons entitled to share in the distribution of the proceeds.

The proceeding is therefore dismissed, with permission to renew upon proper petition.

Decreed accordingly.