## Matter of the Estate of CHARLES H. ELLIS, JR., Deceased.

(Surrogate's Court, Westchester County, January, 1920.)

Jurisdiction — of Surrogate's Court — foreclosure — surplus moneys — Code Civ. Pro. §§ 1633, 2510.

The legislature has constitutional power to enact a statute providing for the depositing in the Surrogate's Court surplus moneys arising upon a sale in foreclosure.

Where one dies seized of mortgaged real estate any surplus arising on a sale thereof under a decree of foreclosure is to be regarded as realty.

The power granted by the provision of section 1633 of the Code of Civil Procedure which declares that the Surrogate's Court, in a special proceeding brought for that purpose, may by an order direct the distribution of money paid into court to the persons entitled thereto where eighteen months have elapsed since the grant of letters of administration, is amplified and extended by section 2510 of said Code which relates to the general jurisdiction of Surrogates' Courts.

Where surplus moneys arising upon the foreclosure of a mortgage upon real estate of which decedent died seized were deposited with the county treasurer subject to the order of the Surrogate's Court pursuant to section 1633 of the Code of Civil Procedure an application by the second mortgagee in the foreclosure action for the payment to her of said surplus moneys will be granted to the extent of her interest therein.

All parties in interest being before the court the balance of said surplus moneys will be directed to be paid to the undertaker on account of his claim for funeral expenses.

SURPLUS money proceeding.

Arthur R. Wilcox, for petitioner.

Sporborg & Connolly, for administratrix.

SLATER, S.  This proceeding is brought by one Freda Stephansen to have certain surplus moneys, which have heretofore been paid into the Surrogate's Court by order of the Supreme Court in an action of foreclosure, paid to her as second mortgagee in said foreclosure action.  It appears that the surplus moneys amount to $1,774.87; that there is now due and owing to the petitioner, the lawful owner and holder of the second mortgage, the sum of $1,546.93, with interest from November 21, 1919.

The decedent died in October, 1918.  Letters of administration upon his estate were issued to his widow, October, 1918.  The administratrix advertised for the presentation of claims against his estate for six months as required by law.  On or about May, 1919, an action to foreclose the first mortgage upon certain real estate was instituted in the Supreme Court, which proceeded to final judgment, after which the premises were sold and the surplus money to the amount as aforesaid was deposited in the office of the county treasurer subject to the order of this court, pursuant to section 1633 of the Code of Civil Procedure.

Section 1633 of the Code of Civil Procedure states that money paid into the Surrogate's Court may be paid out to an administrator as directed by order of the Surrogate's Court, to be accounted for by him, or, in a special proceeding brought for that purpose in the Surrogate's Court, an order may be entered directing the distribution to the persons entitled thereto in cases where eighteen months have elapsed since letters of administration were first issued.  Said period has not yet expired.

13

All creditors and all other parties interested are before the court in this proceeding. I shall hold that the power granted by section 1633 is amplified and extended by section 2510 of the Surrogate's Practice Act which relates to the general jurisdiction of Surrogates' Courts, as interpreted by Mr. Justice Thomas in *Matter of Coombs,* 185 App. Div. 312, wherein he said: The jurisdiction conferred by section 2510 of the Code of Civil Procedure is of recent origin and the language, " To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter,'' is so comprehensive that it sweeps away all constraints upon the surrogate's jurisdiction and the necessity of multiplying remedies in the distribution and transfer of a decedent's property to whomsoever it belongs or should be delivered.

Petitioner contends that said money being the proceeds of the sale of real property is still to be deemed real property and the lien of the mortgage of the petition is a first lien and claim upon said surplus money.

The cases sustain the proposition that where one dies seized of real estate encumbered by a mortgage, which is thereafter foreclosed and the land sold, any surplus arising on the sale is to be regarded as realty. *Dunning* v. *Ocean National Bank,* 61 N. Y. 497; *Clarkson* v. *Skidmore,* 46 id. 297; *Fliess* v. *Buckley,* 90 id. 286; Wiltsie Mort. Foreclosures, 827 *et seq.*

The power of the legislature to enact laws to provide for depositing surplus money in a foreclosure action in the Surrogate's Court has been upheld as constitutional. *Matter of Stilwell,* 139 N. Y. 337.

I direct distribution of the amount of $1,546.93 with interest to the petitioner herein from November 21, 1919.

All the parties in interest being now before the court, in order to avoid a multiplicity of proceedings, I shall distribute the balance of the surplus fund. *Matter of Schuessler,* 49 Misc. Rep. 203.

Section 2686 of the Code prefers the payment of bills of undertakers to other claims. The reasonable funeral expense of a decedent is preferred to all debts and claims against the deceased. A funeral bill is not a *debt* against the estate, but a *charge* against the estate. This preference is founded upon public policy.

I direct that the balance of the fund paid into this court as a result of the surplus in the foreclosure proceeding in the Supreme Court, shall be paid to Washington M.. Craft, the undertaker, on account of his claim of $289.

Decreed accordingly.