In the Matter of the Estate of OWEN WILLIAMS, Deceased.

Surrogate's Court, Oneida County, April 25, 1932.

*Charles J. Fuess*, for the executor Samuel Ellis.

*Edward W. Bock* [*Woodward W. Guile* of counsel], for Hugh Williams.

*Hart, Senior & Nichols* [*Abram G. Senior* of counsel], for Ætna Casualty and Surety Company.

EVANS, S.   This is a proceeding for a judicial settlement and it is necessary to decide two questions, viz.:

1. Are costs awarded against an executor in an unsuccessful action brought by him an administration expense?

2. Where the assets of an estate are insufficient to pay both funeral expenses and administration expenses, which if either is entitled to priority in payment?

The decedent left a last will and testament that was admitted to probate on April 30, 1928.   Samuel Ellis was named executor and has since that time acted as such.   The testator was survived by three sons, Owen, Hugh and John.   The will provided a legacy of $175 to Owen, $100 to Hugh and the residuary to John.   The estate amounted to about $600 and an equity in a house.   It developed that there existed a contract between the testator and his son Hugh on which there was claimed to be due the estate the sum of $2,600.   The executor brought an action in Oneida County Court against Hugh Williams to recover this amount, and the result was a judgment dismissing the complaint, with costs in favor of the defendant.   The executor appealed and the judgment was affirmed, with costs, by the Appellate Division of the Fourth Department.

From this judgment an appeal was taken by permission to the Court of Appeals with the result that the judgment was affirmed, with costs.

In order to perfect the appeals mentioned, the Ætna Casualty and Surety Company executed its undertaking in the sum of not exceeding $500 to pay costs and damages in the event of adverse decisions in the appellate courts.

Shortly after the decision by the Court of Appeals, Hugh Williams brought action on the undertaking against the surety company in the City Court of Utica.   This action was settled on payment to the plaintiff of the sum of $273.05.   The surety company became

subrogated to the rights of Hugh Williams and demands of the estate payment of this amount, with interest from May 22, 1931. It so happens that Hugh Williams is an undertaker and provided burial for his father at an expense of $433. This claim is unpaid and no question is raised as to its validity. The executor has on hand the sum of $344.35.

This situation creates the necessity of determining the relative rights of the claimants. The legal service in connection with the appeals mentioned was performed by the personal attorneys of John Williams, the residuary legatee, and the disbursements for printing and other incidentals were without cost to the estate.

The executor also contended that the existing arrangement included payment of costs in the event of failure on appeal, but as a matter of fact I find that the evidence fails to establish this claim.

The executor acted in good faith throughout this litigation and within the scope of his official duty.

The claim of the surety company as the assignee of the several judgments for costs is not a debt against the estate as this obligation did not exist at the time of the death of the testator. It is an obligation created by the legal act of the executor in his efforts to increase the assets of the estate. It is, therefore, an expense of administration and entitled to preference over the claims of general creditors. (*Matter of Mahoney*, 37 Misc. 472; affd., 88 App. Div. 140; *Matter of Friedlander*, 160 id. 475; *Columbian Insurance Co.* v. *Stevens*, 37 N. Y. 536.)

Owing to the small amount of funds in the hands of the executor of this estate, the issue is narrowed to a struggle for priority between the surety company with its judgment for costs and the claimant for funeral expenses.

Among civilized people recognition of the duty of decent burial of the dead is as old as the human race. Independent of sentiment or custom the law makes it mandatory. (Penal Law, § 2211.)

Payment of funeral expenses is not subject to the ordinary delay in probating a will.

" An executor named in a will has no power to dispose of any part of the estate of the testator before letters testamentary are granted, except to pay funeral expenses, nor to interfere with such estate in any manner further than is necessary for its preservation." (Surr. Ct. Act, § 223.)

It is obvious that the first administration expenses that an executor incurs is in proceedings to probate a will, yet the law gives its sanction to the payment of funeral expenses even before probate.

This indicates to me that the legislative intent is to first provide payment for a funeral to the exclusion of every other expense in connection with an estate.

This intent is further emphasized by the provisions of section 216 of the Surrogate's Court Act: "Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased. * * *."

This provision is mandatory and admits of no exceptions. This section further provides in substance that at the expiration of sixty days from the grant of letters testamentary or letters of administration the person having such a claim may present to the Surrogate's Court a petition praying that the executor or administrator may be cited to show cause why he should not be required to make such payment. Upon the return of the citation if it appears that the executor or administrator has in his possession money belonging to the estate and that the validity and reasonableness of the claim is admitted the surrogate shall direct the payment within ten days thereafter.

The solvency of the estate is a factor not considered. The six months' period for advertising for claims of creditors has no bearing. The possibility of litigation, successful or otherwise, is not taken into account. The services of an attorney and his claim for compensation must yield to the paramount claim for funeral expenses.

Section 216 of the Surrogate's Court Act also points out the procedure where a claim for funeral expenses is disputed, by the court ordering the issue to be heard on the accounting. The absence of money in the hands of the executor or administrator is a cause that provides a reason for a series of applications on the part of the claimant to enforce payment.

The provisions last mentioned have no bearing on the case at bar excepting to afford what seems to me an explanation of a clause at the very end of section 216 of the Surrogate's Court Act that is seemingly inconsistent with all that has preceded it. To quote: " * * * but such claim shall not be paid before expenses of administration are paid."

Counsel for the surety company argue that this clause modifies the entire section and that the claim for costs being an administration expense is superior to the claim for funeral expenses.

I am unable to concur in that construction.

If the clause in question is held to modify the entire section, then by the same token it practically nullifies it. Under such conditions the representative of an estate would be unable to function. Administration expenses make their final bow at the time of the judicial settlement.

There is no gift of prophecy required of the executor or administrator. I think that the law imposes no duty upon the representative of an estate to speculate or guess whether money in his hands will pay in full the funeral and administration expenses. How then can this situation be reconciled with the mandatory provision to pay funeral expenses from the first money received.

The clause under discussion, I think, applies only to a case where a claim for funeral expenses is disputed and the issue is tried at the time of judicial settlement and it may also apply to a case where a series of applications are made for payment and the issue is whether the representative has or has not money in his hands for that purpose. It may have been the intent of the Legislature to discourage the presentation and litigation over unreasonable claims and also frequent and vexatious applications in small estates. In any event I think that the provision in question has no application to an admitted claim for funeral expenses. Funeral expenses and expenses of administration are in no sense debts of the testator but a charge against the estate. (*Matter of Franklin,* 26 Misc. 107.)

This preference is founded upon public policy. (*Matter of Ellis,* 110 Misc. 192; *Patterson* v. *Patterson,* 59 N. Y. 574.)

These expenses must be preferred to all other debts. (Fuller Executors, 245.)

Debts due to the sovereign are not excepted. (*Parker* v. *Lewis,* 2 Dev. Law [N. C.], 21.)

A claim for reasonable funeral expenses is entitled to priority over a claim of the Federal government for income taxes. (*Matter of Stiles,* 126 Misc. 715.)

I hold and decide that the claim for funeral expenses is superior to the claim for costs as represented by the judgments mentioned and that the executor should apply the money in his hands to the payment of such funeral expenses.

Decreed accordingly.