378 So.2d 1260 (1979)
Arnold J. SESSOMS, Appellant,
v.
James C. JOHNSON, Appellee.
No. MM-111/NT1-31.
District Court of Appeal of Florida, Fifth District.
December 27, 1979.
Rehearing Denied February 5, 1980.
*1261 Isham W. Adams and Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellant.
John C. Revis of Whitson, Whitson & Revis, Daytona Beach, for appellee.
SMITH, L., Associate Judge.
Appellant appeals from an order entered in a probate proceeding. We affirm in part and reverse in part.
Appellant, the personal representative, failed to timely object to claims against the estate filed on July 12, 1978, by appellee, James C. Johnson, the estranged widower of the decedent. On the date of filing, the Clerk mailed copies of the claims to appellant, who resided in Ohio. No copy was mailed to the resident agent, a Daytona Beach attorney.[1] After the time for filing objections expired[2], Johnson petitioned the court for payment. Appellant thereafter filed a motion to extend the time for filing objections, which was denied by the court.
As a preliminary to our consideration of the points raised on appeal, we have examined the procedure the Clerk must follow *1262 when claims are filed. Section 733.703, Florida Statutes, governing the form and manner of presenting claims, provides in part:
"... A creditor shall deliver a copy of the claim to the Clerk who shall furnish the copy to the personal representative and note the fact on the original." (Section 733.703)
The above sentence, prescribing the duty of the Clerk with respect to copies of claims, was strictly complied with by the Clerk in this instance. There was no duty upon the Clerk to furnish a copy to the personal representatives' attorney, although it might be argued as preferable to furnish a copy to both. We have examined Rule 5.040(b)(1), Fla.R.P. & G.P., which provides that "informal notice" (as defined in the rule) must be served on the person or the attorney as provided in Fla.R.Civ.P. 1.080(b). That rule in turn specifies that service of pleadings subsequent to the initial pleading "shall be made upon the attorney unless service upon the party is ordered by the court". We think there is a distinction to be made between the requirements of the statute (Section 733.703) and the Rule (5.040, Fla.R.P. & G.P.) in that the statute prescribes duties of the Clerk, whereas the rule governs actions required or permitted by the parties.
Our conclusion is that the notice provisions of the statute were complied with when the Clerk furnished a copy to the personal representative is confirmed by the fact that Rule 5.490, Fla.R.P. & G.P., specifically addresses the subject. That Rule repeats the statutory directive that,
"... A creditor shall also deliver a copy of the claim to the Clerk who shall furnish the copy to the personal representative and note the fact on the original." (Rule 5.490, Fla.R.P. & G.P.)
The construction we have given the statute and the foregoing rule provision is strengthened by the additional language found in Rule 5.490, which provides that if there is more than one personal representative, "the personal representatives or their attorneys may designate the person to receive such copy". We further have considered as a matter of significance the fact that the furnishing of a copy of the claim by the Clerk has no relation to the time within which objections to the claim must be filed. The time for objections runs from the date of the first publication of notice of administration, and not from the time of service or receipt of the claim by the personal representative. Section 733.705, Florida Statutes (see footnote 2).
At the hearing upon appellant's motion for extension of time for filing objections, appellant testified that he did not receive the claims mailed by the Clerk until August 9, 1978, approximately one month after the date the Clerk mailed them. The envelope in which the copies of the claims were mailed by the Clerk was not produced. On August 18, 1978, (five days after expiration of the date for filing objections) appellant mailed the information to the resident agent  attorney. Appellant testified that his delay in mailing the information to the attorney was due to the sickness of his secretary, who was out of the office for four days. He further stated that he was not aware of any time limitation for filing objections.
We find no error in the trial court's denial of appellant's motion for extension of time, or more properly, late filing of the objections, on the grounds that appellant failed to show "good cause" for his failure to timely object. Ellard v. Goodwin, 77 So.2d 617 (Fla. 1955); In re Jeffries Estate, 136 Fla. 410, 181 So. 833 (1938); In re Goldman's Estate, 79 So.2d 846 (Fla. 1955); In re Estate of Sale, 227 So.2d 199 (Fla. 1969); First Bank and Trust Company of Jacksonville v. Bush, 226 So.2d 438 (Fla. 1st DCA 1969).
We likewise find no merit in appellant's contention that the trial court erred in failing to accord appellant the privilege of presenting testimony on the merits of the claims. Unless timely objection is filed, there is no occasion for a hearing on the merits. Goggin v. Shanley, 81 So.2d 728 (Fla. 1955).
*1263 The order appealed from directed the appellant to return specified items of personal property to Johnson, based upon a finding that the property was owned by Johnson, not the estate. We find no error in this portion of the order. However, Johnson's claim for the monetary sum of $20,000.00 presents another problem. In the portion of the order awarding judgment on the monetary claim, the trial court found that the sum of $20,000.00 represented contributions made by the claimant to the decedent to retire loans incurred by decedent for the education of her children, for the purchase of real property in her name, and for purchase of personal property by the decedent. Further, found the trial court, "said monetary contributions arose as a result, and were made by claimant, upon decedent's promise to repay all said sums". The court's order further required payment of the sum of $20,000.00 to claimant Johnson within fifteen days. Appellant contends, and properly so, that in ordering payment within fifteen days the trial court ignored the requirements of Sections 733.707, Florida Statutes, which establishes the order of priority for payment of claims of various categories. The trial court's findings clearly show that the sum of $20,000.00 represented a debt of the estate falling into the "class 7" category, that being "all other claims, ...". The preceding classes of claims include costs, expenses of administration, compensation of the personal representative, attorney's fees, funeral expenses, debts and taxes with preference, medical and hospital expenses of the last illness, family allowance, and any debts acquired after death by continuation of decedent's business. We therefore conclude that it was error for the court to order immediate payment, without consideration of priority of Johnson's claim.
For the foregoing reasons, the order appealed from is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
McCORD, Associate Judge, concurs.
ERVIN, Associate Judge, dissents.
ERVIN, Associate Judge, dissenting.
I agree with the majority that the lower court erred in ordering immediate payment, without considering the priority of Johnson's claim, but disagree with its affirmance of the trial court's order which denied appellant's motion for extension of time since I believe the service upon the personal representative only, and not upon his attorney, was ineffective. While Section 733.703, Florida Statutes (1977), provides that the clerk "shall furnish the copy [of the claim] to the personal representative and note the fact on the original ...", I do not believe the statute requires service of the claim upon the personal representative when he is represented by an attorney. I think the statute should be harmonized with the applicable probate rules, and, when so done, the only logical interpretation is that service is valid only when the claim is provided to the attorney.
The statutory method of service is hardly one of substance, see In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973), and the stated time limits for disallowing objections untimely filed, set forth in Section 733.705, Florida Statutes (1977), operate as rules of judicial procedure. In re: Jeffries' Estate, 136 Fla. 410, 181 So. 833, 838 (1938); In re Goldman's Estate, 79 So.2d 846 (Fla. 1955); Greer v. Estate of Smith, 342 So.2d 1007 (Fla. 4th DCA 1977). In Greer, the court, in its construction of Section 733.18(2), Florida Statutes (1975), the predecessor statute to Section 733.705, stated that the statute's requirement that a claimant is limited to one calendar month from the date of service of an objection within which to bring suit should be harmonized with Fla.R.Civ.P. 1.090(e), permitting three additional days for mailing in which to bring the action. The court observed the statute was in effect a rule of judicial proceeding, and that it had "no difficulty in holding that Rule 1.090(e) must be deemed cumulative to the statutory procedure prescribing time limits for the filing of suit after service of objection by mail." Id. at 1009. I think the same analysis applies *1264 here: that the rules of procedure prescribing service of a claim upon a personal representative or his attorney are cumulative to the procedure set forth in Section 733.703.
Fla.R.P. & G.P. 5.030(b) requires that every personal representative shall be represented by an attorney unless the personal representative is himself an attorney admitted to practice within the state. The probate rules provide for notices in three types of proceedings: adversary proceedings,[1] formal notice proceedings[2] and informal notice proceedings, which are defined by rule as any other proceedings "unless formal notice is specifically provided for or required." Rule 5.040(b), (c). By definition, service of a copy of a claim upon a personal representative is one of informal notice, and, when informal notice is involved, Rule 5.040(b)(1) requires that it be served on the person or his attorney as provided in the Florida Rules of Civil Procedure relating to service of pleadings. Fla.R.Civ.P. 1.080(b) governs the procedure relating to service of pleadings subsequent to the initial pleading and provides that when a party is represented by an attorney, "service shall be made upon the attorney unless ordered by the court." While I have found no Florida cases which address the question whether service upon a party only is effective, there is authority from other jurisdictions that such service is invalid. Rule 1.080(b) was patterned after Federal Rule 5 and is identical to its federal counterpart insofar as it requires that service be made upon the attorney unless otherwise ordered by the court. In the federal practice, "it is improper, and a non-compliance with the Federal Rules, to make service upon the party himself, when he has appeared and is represented by an attorney ..." unless the court orders service be made upon the party. Moore's Federal Practice, ¶ 506 at 1353 (2d Ed. 1979). See also Fortner v. Balkcum, 380 F.2d 816 (5th Cir.1967).
Long before Mr. Johnson filed his various claims against the estate, the personal representative, in compliance with Rule 5.110, designated Isham Adams as both his attorney and resident agent to receive service of process or notice, and Mr. Adams accepted the designation which had the effect of binding the personal representative in any action brought against him. Rule 5.110(a). The clerk, despite her knowledge of the identity of the attorney, nevertheless mailed the copies of the claims only to the personal representative. There was no order permitting such substituted service as provided by Fla.R.Civ.P. 1.080(b). Indeed, the clerk's reason for not following the rule was that the office had generally abandoned the practice of furnishing copies of claims to attorneys on the advice of a local lawyer who had informed her that claims should be forwarded to the personal representative, not the attorneys.
Strict adherence to the rules governing service of claims must be observed by the clerks. The practical difficulties in serving a non-resident personal representative are manifest. And the rules requiring designation of a resident agent and representation of attorneys who are members of the Florida Bar were no doubt prompted by consideration of those difficulties. There is nothing in the copy of the claim furnished to Mr. Sessoms placing him on notice that he was required to object to it within a stated period of time or the objection would be barred. It seems obvious from the testimony of Mr. Sessoms that he assumed his attorney, whom he had designated, would receive notice of the claim and would take appropriate steps relating to it.
The service of the claim upon the personal representative only was ineffective in the absence of an order permitting such service. I would reverse with directions that the court consider the objection on its merits.
NOTES
[1] A Deputy Clerk of the Circuit Court testified that in cases where the personal representative resides in a state other than Florida, it is common practice for the Clerk's office to be notified by the personal representative to send a copy of all claims to the attorney for the estate as well as the personal representative. She also testified that no such request was made in this case. She further stated that it is common practice for the attorney for the estate to verify with the Clerk's office the claims filed against the estate at the expiration of the three month claim period, and that no such claim information was requested in this case.
[2] Section 733.705, Florida Statutes, allows objections to be filed on or before the expiration of four months from the date of first publication of notice of administration. Here the last day for objection was August 13, 1978, four months from the date of first publication of the notice of administration which was on April 13, 1978.
[1] Proceedings which do not apply to the situation before us. See the definition as stated in Rule 5.025.
[2] Again not applicable since Rule 5.040(a) requires the party who is served to file written defenses to the petition within 20 days after service.