393 So.2d 578 (1981)
In re ESTATE OF Evelio Ortega GRILLO, Deceased.
No. 80-961.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
Rehearing Denied March 3, 1981.
Richard A. Kupfer, Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant, Rosa V. Ortega, personal representative of the Estate of Evelio Ortega Grillo.
Marjorie D. Gadarian, Jones & Foster, P.A., West Palm Beach, for appellee, General Motors Corp.
BERANEK, Judge.
This appeal questions an order of the probate division which requires the personal representative of an estate to satisfy a certain cost judgment previously entered against the estate in a wrongful death action.
*579 Mr. Grillo died on July 12, 1973, as the result of a truck accident. He was survived by a widow and three minor children. The widow was appointed administratrix of the estate.
In November, 1973, the widow, as personal representative, filed a wrongful death action against South Bay Equipment Company (the local dealer from which the truck was purchased) and General Motors Corporation (the manufacturer of the truck). This litigation has not been terminated and the estate proceedings remain open pending final conclusion of the wrongful death action.
After protracted and expensive pre-trial preparation, the wrongful death action was settled by the personal representative as against South Bay only for the sum of $89,500. The personal representative petitioned the probate court for approval of the settlement and for payment of her attorneys' fees and her costs from the settlement. This motion was granted without regard to what the costs and fees might eventually be. The case proceeded against General Motors Corporation alone and a jury trial resulted in a defense verdict after which General Motors successfully moved to tax costs of $8,382.31 against the estate.
It is clear that the estate has no assets other than the proceeds of the settlement. After obtaining the cost judgment against the estate, General Motors Corporation filed a motion in the probate division to have the judgment considered a Class 1 priority under Section 733.707, Florida Statutes (1979). The personal representative objected and filed a petition for authorization to distribute the proceeds of the settlement. The personal representative asserted her attorneys' fees were $9,709.35[1] and that the costs were $44,726.53,[2] leaving approximately $35,000. She sought distribution of $20,000 to the surviving spouse, $5,000 each to the three children, and nothing to the estate. The probate division granted the motion of General Motors Corporation requiring the personal representative to satisfy the cost judgment. No ruling was made on the petition of the personal representative to authorize distribution.
The personal representative argues on appeal that GMC's cost judgment is not an obligation of the estate of Class 1 priority under Section 733.707, Florida Statutes (1979).[3] Instead, she maintains the cost judgment is no more than a general debt of the estate thus not entitled to first priority. Section 733.707, Florida Statutes (1979). provides in part:
733.707 Order of payment of expenses and obligations. 
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1  Costs, expenses of administration, and compensation of personal representatives and their attorneys' fees.
The question presented here is whether a cost judgment entered against the estate in a wrongful death action initiated by the estate is a "cost" or "expense of administration" entitled to Class 1 priority.
We have located no Florida authority on the issue and scant authority elsewhere, although numerous States provide for priority payment of costs of administration by statute as does the Uniform Probate Code, Section 3-805. It appears the State of New York has decided the precise question presented here in several lower court cases. *580 The New York courts hold that a judgment for costs entered against an administrator in a suit initiated by the administrator is entitled to priority of payment as a cost of administration. In Re Williams' Estate, 143 Misc. 527, 257 N.Y.S. 859 (Sur.Ct. 1932), and In Re Groom's Estate, 85 N.Y.S.2d 862 (Sur. Ct. 1948). As Williams, supra, reasons, a judgment for costs such as here is not a debt against the estate rather it is an obligation created by the legal act of the personal representative in his effort to increase the assets of the estate. It is thus a cost or expense of administration.
We construe the General Motors cost judgment to be a "cost" within Section 733.707(1)(a), thus entitled to Class 1 priority. We deal only with those portions of the case brought before us on appeal and make no ruling on the petition for distribution, which is yet to be decided.
We conclude that costs taxed against an estate in the unsuccessful prosecution of a wrongful death action are within Class 1 of the aforementioned statute and that the order below is, therefore, proper and is hereby affirmed.
AFFIRMED.
LETTS, C.J., and HERSEY, J., concur.
NOTES
[1] The original contract between the personal representative and counsel called for a fee of 33 1/3 per cent, but plaintiff's counsel substantially reduced this percentage in view of the low settlement and the high costs.
[2] These costs were expended by plaintiff's counsel in the prosecution of the successful claim against South Bay and the unsuccessful claim against General Motors Corporation.
[3] Mr. Ortega died in 1973. The priority of payment was then contained within Section 733.20, Florida Statutes (1973). Although the wording of priority classes has been substantially revised, the wording of Class 1 contained within Section 733.20(1)(a), Florida Statutes (1973), is identical to that of Class 1 contained within Section 733.707(1)(a), Florida Statutes (1979).