DAUKSCH, Judge.
This is an appeal from the following order which we affirm and cannot improve upon and thus quote without further comment.
ORDER CONCERNING CLAIMS OF ETTA LEGTERS
Claimant, Etta Legters, filed two claims against this estate. One is based on a dishonored $500.00 check of decedent. The other alleges breach of decedent’s contract to maintain claimant as beneficiary on a $5000.00 life insurance policy. No objection was filed to either claim within the statutory four month period that expired May 7, 1982. And on July 16, 1982 claimant filed a petition to compel payment. At this point the personal representative moved for extension of time to file objections.
A final dispositional hearing was conducted August 26,1982. There was argument by counsel but no testimony was offered other than the sworn motion and sworn response thereto; both sides conceding that all relevant facts are set out in said sworn pleadings which describe conversations and correspondence passing between Mr. Lyng, attorney for personal representative, and Mr. Heller, attorney for claimant.
Mr. Lyng states he was lulled into not filing an objection due to a false sense of security which he contends was created during discussions with Mr. Heller regarding possible settlement of the claims. He relies upon In Re: Estate of Norregaard, 220 So.2nd 653 (1969) 3rd DCA which is based upon Sessions vs Jelks, 194 So.2nd 307 (1967) 1st DCA.
Mr. Heller admits to discussions with Mr. Lyng but denies there was ever any agreement to withdraw one of the claims.
Objections to claims must be filed within four months from first publication of notice to creditors. But this time can be extended for ‘good cause’ — even after the four month period has expired. The burden of showing good cause is upon the movant. Conduct of settlement negotiations, in and of itself, is not good cause *748 for an extension. But good cause does exist if the overall tenor of negotiations causes the personal representative to de-velope [sic] a well founded belief that filing of an objection is not necessary. That was the situation in Sessions where both attorneys agreed acrimmious [sic] feelings between the parties would be aggravated and future settlement nego-tions [sic] greatly prejudiced if formal actions were taken within the statutory time limit. Such a clear waiver is not the case here.
As attorneys for their respective clients, Mr. Lyng and Mr. Heller were dealing at arm’s length. Whether there is good cause to grant an extension must be tested by whether there is competent substantial evidence to support Mr. Lyng’s contention he was lulled by his discussions with Mr. Heller into believing that filing an objection was unnecessary. This test must be objective rather than subjective i.e. whether a reasonable attorney under same or similiar [sic] circumstances would have been lulled. At best, the recitations in Mr. Lyng’s motion, (some of which Mr. Heller denies) disclose only that Mr. Heller indicated he would withdraw any claim if convinced it was unfounded. But there is no basis for finding Mr. Lyng had justification to believe Mr. Heller had become convinced his client’s claim was unfounded. Overall these circumstances should have alerted rather .than lulled.
In reaching this decision the court is well aware the rule permiting [sic] extensions of time for ‘good cause’ should be liberally construed. Yet to find ‘good cause’ on these facts would have the effect of discouraging any settlement discussions by claimants for fear of creating a ‘good cause’ predicate. And this would defeat the essential purpose of all probate rules which is to promote administration of estates fairly and expeditiously.
Accordingly, the motion to extend time for filing objections is denied and the personal representative is directed to place Etta Legter’s claims in line for payment according to law.
AFFIRMED.
COWART, J., and FOXMAN, Associate Judge, concur.