PER CURIAM.
This is an appeal by the personal representative of an estate from two orders which deny (1) the personal representative’s motion for an extension of time within which to file an objection to an estate creditor's claim, and (2) the personal representative’s motion to strike the estate creditor’s petition to enforce his claim. We affirm these orders for two reasons.
First, no showing of good cause was made below for the personal representative's untimely filing of an objection to the instant claim. The personal representative was required to file his objection within thirty days after the filing of the subject claim, § 733.705(2), Fla.Stat. (1985), in *1000 stead, he waited one year and eleven months to object to the claim, without good cause. This being so, the trial court was well within its discretion in denying the personal representative’s motion for an extension of time within which to file an objection to the creditor’s claim. See El-lard v. Godwin, 77 So.2d .617, 619 (Fla. 1955); In re Estate of Maze, 431 So.2d 747 (Fla. 5th DCA 1983); Baldwin v. Lewis, 397 So.2d 985, 987-88 (Fla. 3d DCA 1981); Sessoms v. Johnson, 378 So.2d 1260, 1262 (Fla. 5th DCA 1980).
Second, because of the personal representative’s failure to timely file an objection to the claim, as stated above, the trial court was “without power to reject the claim or to determine disputed questions of fact that have to do with or which may conclude the question of [its] validity,” Goggin v. Shanley, 81 So.2d 728, 729 (Fla. 1955) (asserted statute of limitations bar to claim, made by motion to strike a petition to enforce claim, as here, could not be ruled upon by probate judge where personal representative had not filed timely objection to claim prior to motion to strike); see Barnett Bank v. Estate of Read, 493 So.2d 447, 449 (Fla.1986), and, therefore, the personal representative’s aforesaid motion to strike based on an alleged illegal contract was properly denied by the court without holding an evidentiary hearing thereon. Sessoms v. Johnson, 378 So.2d at 1262.
The trial court orders, which deny (1) the personal representative’s motion for an extension of time within which to file an objection to the estate creditor’s claim and (2) the personal representative’s motion to strike the estate creditor’s petition to enforce his claim, are in all respects
Affirmed.