NESBITT, Judge.
The personal representative of an estate appeals an order awarding interest on a creditor’s claim from the date of filing the claim against the decedent’s estate. We reverse in part, affirm in part, and remand for further proceedings.
The petition for administration of the estate was filed on September 19, 1984. On November 30, 1984, the creditor, Calhoun, filed his claim in the proceeding. The first publication of notice of administration was made on June 18, 1985. Proof of publication was not filed until some one and a half years after the petition for administration had been commenced, and then only after an order had been entered compelling the personal representative to file necessary proof. The personal representative’s motion to strike the creditor’s claim was denied. The personal representative next filed a motion to extend the time for objecting to the creditor’s claim, which motion was denied and affirmed here. Rain *736 ier v. Calhoun, 510 So.2d 999 (Fla. 3d DCA 1987).
Ultimately, Calhoun filed a motion to enforce his claim. An order was entered granting that motion. That same order required the personal representative to pay the creditor interest from the date of the filing of his claim against the estate. This was error. Section 733.705(6), Florida Statutes (1987), provides that interest is not allowable on an unliquidated claim not founded in writing until the expiration of five calendar months from the date of first publication of notice of administration.
Pursuant to section 733.212, Florida Statutes (1987), a personal representative is under a statutory duty to promptly publish notice of administration. While circumstances may arise which will occasion the delay in filing and publishing of notice of administration, these circumstances must be determined by the probate court on a case-by-case basis. In the case at hand, the probate judge quite properly utilized his knowledge of the file and circumstances before him as a basis to determine that notice of administration was published in a dilatory manner.[1]
Our holding today is simply that a personal representative may not avoid prompt compliance in publishing notice of administration to delay payment on a valid claim or to reduce the amount of interest due on the claim. We hold that under section 733.212, “prompt notice” means that which should be accomplished by a reasonably prudent, diligent personal representative under the circumstances. See Nobis v. State, 401 So.2d 191 (Ala.Crim.App.) (where statutory time guidelines are subject to interpretation, the legislature intends a “reasonable” time), writ denied, 401 So.2d 204 (Ala.1981); see generally City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983) (the law favors rational, sensible statutory construction); Poncier v. State Dept. of Health & Rehabilitative Servs., 284 So.2d 463 (Fla. 3d DCA 1973) (a statute should be given a reasonable interpretation).
While it was within the probate judge’s province to determine that an unreasonable delay in filing had occurred, the award of interest to the creditor as of the date of filing the claim against the estate was obviously over-generous. Consequently, we approve the basis upon which the probate court acted but reverse with directions for the court to determine the reasonable date upon which the personal representative should have accomplished the first publication of notice of administration and then to assess interest against the estate accordingly.
Finally, we observe that such an order may properly be entered against the estate by proceeding against the personal representative in his fiduciary capacity pursuant to section 733.619(3), Florida Statutes (1987). Moreover, the personal representative may be held personally responsible for the obligation to the estate. See Beck v. Beck, 383 So.2d 268, 272 (Fla. 3d DCA 1980); § 733.619(2), Fla.Stat. (1987).
For the foregoing reasons, the order under review is reversed and remanded for further proceedings.

. We observe that the process of notifying creditors has now been compounded by Tulsa Professional Collection Serv., Inc. v. Pope, — U.S. -, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In pose, the Supreme Court held that the personal representative has an obligation to give personal notice to known creditors of the decedent’s estate.