533 So.2d 928 (1988)
Lorraine C. TILLMAN, As Personal Representative of the Estate of Elmer L. Smith, Deceased, Appellant,
v.
Virginia Savage SMITH, Appellee.
No. 88-800.
District Court of Appeal of Florida, Fifth District.
November 17, 1988.
William L. Townsend, Jr. of Walton & Townsend, Palatka, and Albert C. Malone, Jr., Orange Park, for appellant.
A. August Quesada, Jr. of Quesada & Walker, Jacksonville, for appellee.
COBB, Judge.
Lorraine Tillman, as personal representative of the estate of Elmer Smith, challenges the trial court's determination that attorney's fees incurred by an estate beneficiary for legal services which benefitted the estate[1] are entitled to a Class 1 rather than Class 7 priority under section 733.707, Florida Statutes (1987). That statute provides:
Order of payment of expenses and obligations. 
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1.  Costs, expenses of administration, and compensation of personal representatives and their attorneys' fees.
(b) Class 2.  Reasonable funeral, interment, and grave-marker expenses, whether paid by a guardian under s. 744.441(16), the personal representative, or any other person, not to exceed the aggregate of $3,000.
(c) Class 3.  Debts and taxes with preference under federal law.
(d) Class 4.  Reasonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending him.
(e) Class 5.  Family allowance.
(f) Class 6.  Debts acquired after death by the continuation of the decedent's business, in accordance with s. 733.612(22), but only to the extent of the assets of that business.
(g) Class 7.  All other claims, including those founded on judgments or decrees rendered against the decedent during his lifetime, and any excess over the sums allowed in paragraphs (b) and (d).
(2) After paying any preceding class, if the estate is insufficient to pay all of the next succeeding class, the creditors of the latter class shall be paid ratably in proportion to their respective claims.
*929 The trial court held that such fees constituted costs and expenses of administration. Clearly, the statute differentiates between "costs, expenses of administration" and attorney fees. It enumerates them separately, and the only attorney fees it places in Class 1 are those incurred by personal representatives. Had the legislature intended any attorney fee taxable against the estate to have a Class 1 priority, it would have been a simple matter to say so. As the appellant points out, it is a fundamental rule of statutory interpretation that the mention of one thing implies the exclusion of another (expressio unius est exclusio alterius). Peeples v. State, 46 Fla. 101, 35 So. 223 (1903). The attorney fees at issue must fall within Class 7, not Class 1. See Sessoms v. Johnson, 378 So.2d 1260 (Fla. 5th DCA 1980).
REVERSED.
COWART and DANIEL, JJ., concur.
NOTES
[1] In a prior appeal, Tillman v. Smith, 526 So.2d 730 (Fla. 5th DCA 1988), we affirmed an attorney fee award to the appellee for those attorney services which resulted in tax savings to the estate.