GOSHORN, Judge.
At issue in this appeal is the trial court’s determination that attorney’s fees awarded to Sally Smedley Teague pursuant to section 768.79, Florida Statutes (1995) were entitled to a Class 8 priority under section 738.707, Florida Statutes (1995) rather than a Class 1 priority. Teague argues that this decision was error because (1) the award is not a “claim” under the Florida Probate Code; and (2) the award is an obligation created by the legal act of the personal representative in an effort to increase the estate’s assets. We affirm on the basis of Tillman v. Smith, 533 So.2d 928 (Fla. 5th DCA 1988).
THE FACTS
This action began in 1991 when Teague, as guardian of her mother, filed petitions for homestead and elective share on her mother’s behalf in the Herbert D. Hoskins probate case. Virginia Puckett, as personal representative of Hoskins’ estate (“the Estate”), contested those petitions, and Teague eventually prevailed.[1]
Later, Puckett, as the Estate’s personal representative, filed suit against Teague in Teague’s individual capacity alleging that Teague breached a contract to waive Teag-ue’s mother’s marital rights. The trial court entered an order in favor of Teague pursuant to section 768.79, Florida Statutes (1995), awarding her attorney’s fees and costs.[2] After Puckett failed to pay, Teague filed a petition for an order requiring payment of attorney’s fees and costs by the Estate’s personal representative and a petition to determine the priority of a final judgment awarding attorney’s fees and costs. The trial court entered an order finding that the costs should be treated as a Class 1 claim and that the attorney’s fees should be treated as a Class 8 claim. This appeal ensued.
THE LAW
Section 733.707, Florida Statutes (1995) states:
Order of payment of expenses and obligations.—
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1. — Costs, expenses of administration, and compensation of personal representatives and their attorneys’ fees.
(b) Class 2. — Reasonable funeral, interment, and grave marker expenses, whether paid by a guardian under s. 744.441(16), the personal representative, or any other person, not to exceed the aggregate of $3,000.
(c) Class 3. — Debts and taxes with preference under federal law.
(d) Class 4. — Reasonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending him.
(e) Class 5. — Family allowance.
(f) Class 6. — Arrearage from court-ordered child support.
(g) Class 7. — Debts acquired after death by the continuation of the decedent’s business, in accordance with s. 733.612(22), but only to the extent of the assets of that business.
(h) Class 8. — All other claims, including those founded on judgments or decrees rendered against the decedent during his lifetime, and any excess over the sums allowed in paragraphs (b) and (d).
§ 733.707(1), Fla. Stat. (1995) (emphasis added).
Teague argues that the attorney’s fees awarded to her under section 768.79, Florida Statutes (1995) are a Class 1 claim rather *295 than a Class 8 expense because the award to Teague is not a “claim” as provided under section 733.707. To support her argument, Teague points to subsection 731.201(4) of the Florida Probate Code which defines “claim” as:
liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses. The term does not include expenses of administration or estate, inheritance, succession or other death taxes.
Teague is correct that the attorney’s fees award is not a “liability of the decedent” because it arose after the decedent’s death. See In re Estate of Kulow, 439 So.2d 280, 282 (Fla. 2d DCA 1983) (finding that cause of action was not a liability of the decedent within the meaning of subsection 731.201(4) where it did not exist until after decedent’s death).
We believe, as this court must have found in Tillman v. Smith, 533 So.2d 928 (Fla. 5th DCA 1988), that the definition of “claim” contained in subsection 731.201(4) is not applicable to the reference to “claims” found in paragraph 733.707(l)(h). In Tillman, we reversed a trial court’s determination that attorney’s fees taxable against the estate were Class 1 fees under section 733.707, Florida Statutes (1987) as costs and expenses of administration. Id. at 929. The court reasoned:
Clearly, the statute differentiates between “costs, expenses of administration” and attorney fees. It enumerates them separately, and the only attorney fees it places in Class 1 are those incurred by personal representatives. Had the legislature intended any attorney fee taxable against the estate to have a Class 1 priority, it would have been a simple matter to say so. As the appellant points out, it is a fundamental rule of statutory interpretation that the mention of one thing implies the exclusion of another (expressio unius est exclu-sio alterius). Peeples v. State, 46 Fla. 101, 35 So. 223 (1903). The attorney fees at issue must fall within Class 7,[3] not Class 1. See Sessoms v. Johnson, 378 So.2d 1260 (Fla. 5th DCA 1980).
Id. (footnote added).
We find it significant that subsection 731.201(4) was in effect when this court’s Tillman. opinion was decided.[4] The court must have known about its language, and nevertheless, determined that attorney’s fees other than those of the personal representative are to be classified as Class 8 obligations. Furthermore, the legislature amended section 733.707 in 1993 and again in 1995 without changing the language of paragraph 733.707(l)(a). If the legislature had wished to include attorney’s fees as awarded to Teague under the Class 1 obligations, it could have done so at either of those junctures. Accordingly, we affirm on the basis of Tillman,[5]
We certify to the Florida Supreme Court the following question as one of great public importance:
ARE ATTORNEY’S FEES ASSESSED AGAINST THE PERSONAL REPRESENTATIVE OF AN ESTATE AN EXPENSE OF ADMINISTRATION AND THUS CLASS 1 PRIORITY OR ARE *296 THEY “OTHER CLAIMS,” GRANTING THEM CLASS 8 STATUS?
AFFIRMED; QUESTION CERTIFIED.
COBB and W. SHARP, JJ., concur.

. Puckett appealed to this court, which issued a per curiam affirmance of the trial court’s decision. See Puckett v. Teague, 620 So.2d 776 (Fla. 5th DCA 1993).

. Apparently, Teague made an offer of judgment which Puckett rejected, and thus, Teague was due attorney's fees and costs after she prevailed in the litigation.

. The language in paragraph 733.707(l)(h) regarding "Class 8” expenses was previously located under "Class 7.” See § 733.707(1), Fla. Stat. (1993).

. Subsection 731.201(4) took effect January 1, 1976. See § 731.201(4), Fla. Stat. (1976).

. Teague also asserts that the attorney's fees awarded to her are “cost[s] or expense[s] of administration” under paragraph 733.707(l)(a) because they are an obligation created by the legal act of the personal representative in an effort to increase the estate's assets. See In re Estate of Grillo, 393 So.2d 578 (Fla. 4th DCA 1981). Nonetheless, Tillman specifically found that, "[h]ad the legislature intended any attorney fee taxable against the estate to have a Class 1 priority, it would have been a simple matter to say so.” Tillman, 533 So.2d at 929 (emphasis added). Therefore, Tillman has already determined that attorney’s fees cannot also be deemed costs or expenses of administration. The cases from outside of Florida that Teague has cited are readily distinguishable because none deal with attorney's fees. See Ingham Emergency Physicians, P.C. v. Estate of McDivitt, 169 Mich.App. 435, 425 N.W.2d 575 (1988) (finding mediation sanctions expenses of administration); In re Williams’ Estate, 143 Misc. 527, 257 N.Y.S. 859 (Sur.Ct.1932) (determining that costs awarded against executor are an expense of administration).