709 So.2d 1373 (1998)
Sally Smedley TEAGUE, Petitioner,
v.
ESTATE OF Herbert D. HOSKINS, Respondent.
No. 89733.
Supreme Court of Florida.
April 23, 1998.
James Edward Cheek, III of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for Petitioner.
Robert R. Foster, DeLand, for Respondent.
HARDING, Justice.
We have for review Teague v. Estate of Hoskins, 684 So.2d 293 (Fla. 5th DCA 1996), wherein the district court certified the following question as one of great public importance:
ARE ATTORNEY'S FEES ASSESSED AGAINST THE PERSONAL REPRESENTATIVE OF AN ESTATE AN EXPENSE OF ADMINISTRATION AND THUS CLASS 1 PRIORITY OR ARE THEY "OTHER CLAIMS," GRANTING THEM CLASS 8 STATUS?
Id. at 295-96. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. As explained below, we find that the attorney's fees awarded against the personal representative in this case are a Class 1 priority.
Sally Teague, as guardian for her mother, petitioned in 1991 to establish her mother's rights to homestead and elective share in the estate of Herbert Hoskins. Virginia Puckett, personal representative of the estate, contested the petitions. Teague prevailed at the trial court. The district court affirmed in Puckett v. Teague, 620 So.2d 776 (Fla. 5th DCA 1993) (table). Puckett, acting in her capacity as personal representative of the estate, later sued Teague individually, alleging that Teague breached her contract with the estate to waive her mother's rights.
*1374 Teague again prevailed and was awarded attorney's fees. The trial court ruled that Teague's attorney's fees were a Class 8 priority under section 733.707, Florida Statutes (1995). The district court affirmed and certified the above question.
The order in which the expenses of administration and obligations of an estate are paid is set out in section 733.707, Florida Statutes. That section states in relevant part:
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1.Costs, expenses of administration, and compensation of personal representatives and their attorneys' fees.
(b) Class 2.Reasonable funeral, interment, and grave marker expenses, whether paid by a guardian under s. 744.441(16), the personal representative, or any other person, not to exceed the aggregate of $3,000.
(c) Class 3.Debts and taxes with preference under federal law.
(d) Class 4.Reasonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending him.
(e) Class 5.Family allowance.
(f) Class 6.Arrearage from court-ordered child support.
(g) Class 7.Debts acquired after death by the continuation of the decedent's business, in accordance with s. 733.612(22), but only to the extent of the assets of that business.
(h) Class 8.All other claims, including those founded on judgments or decrees rendered against the decedent during his lifetime, and any excess over the sums allowed in paragraphs (b) and (d).
§ 733.707, Fla. Stat. (1995). Teague claims that under this statutory scheme, her attorney's fee award is a Class 1 priority because it constituted an expense of administering the estate. We agree.
This issue is one of first impression for this Court. We are being asked for the first time to interpret this provision of the Florida Probate Code, which is modeled after the Uniform Probate Code. In construing a statute modeled after a uniform law, "it is pertinent to resort to the holdings in other jurisdictions where the act is in force." Valentine v. Hayes, 102 Fla. 157, 160, 135 So. 538, 540 (1931); see also 49 Fla. Jur.2d Statutes § 170 (1984). However, the particular provision at issue here (the designation of attorney's fees in regards to their priority of payment in estate claims) apparently has not been addressed by any other jurisdiction and in Florida only by the Fifth District Court of Appeal in Tillman v. Smith, 533 So.2d 928 (Fla. 5th DCA 1988). Thus, our decision in the instant case takes on added importance because it will place an initial stamp of interpretation on this provision.
In order to resolve this issue, we focus our analysis on the origin of the claim that generates the fee award. Special priority must be given to payment of costs and expenses that facilitate the administration of an estate. The fees at issue here were incurred because the personal representative brought an action against Teague in the course of an effort to administer the estate. The personal representative rejected an offer of judgment tendered by Teague to resolve the action. Because the attorney's fees here would not have been incurred had it not been for the affirmative action of the personal representative and because the personal representative rejected the offer of judgment, the fees deserve and are entitled to inclusion in Class 1 costs and expenses of administration.
Fees awarded under these circumstances are distinguishable from fees awarded in cases where a third party prevails on an original claim against an estate predicated on the decedent's liability. The latter fees rightly fall into the Class 8 priority against the estate. Such fees are not generated because of some action taken by the personal representative. Instead, they are incurred because of the affirmative action of a third party.
We recognize that the district court in Tillman reached a conclusion contrary to our *1375 reasoning today. See 533 So.2d 929 (holding that an attorney's fee award against an estate's personal representative is a Class 8 priority). The Tillman court stated that "[h]ad the legislature intended any attorney fee taxable against the estate to have a Class 1 priority, it would have been a simple matter to say so." Id. at 929. However, we conclude that the Tillman court focused too narrowly on the name of the claim and ignored its function. Certainly section 733.707(1) does not specifically exclude claims for attorney's fees awarded against the personal representative, as in this case, just because they are not specifically mentioned. Where the original claim was made by the personal representative for the substantial benefit of the estate, then the award of both costs and attorney's fees against the estate are expenses of administration of the estate. Thus, we conclude that the reason for the claim, not only the label that is assigned to it, should be a factor in determining the priority of a claim.
Further, Teague is correct in her contention that the word "claims" in subsection (h) does not embrace her attorney's fee award. Under the statute, Class 8 obligations include "all other claims." § 733.707(1)(h), Fla. Stat. (1995) (emphasis added). "Claims" are defined in section 731.201(4) as: "liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses. The term does not include expenses of administration or estate, inheritance, succession, or other death taxes." § 731.201(4), Fla. Stat. (1995). Teague's attorney's fees were not a liability of the decedent, but were incurred after the decedent's death in an action brought by the personal representative. Cf. In re Estate of Kulow, 439 So.2d 280, 282 (Fla. 2d DCA 1983) (stating that an insurer's action against a personal representative for overpayment of benefits paid to a hospital for services rendered to the decedent, which the hospital refunded to the personal representative, was not a "claim for personal property in the possession of a personal representative" within the meaning of the Probate Code as the claim arose subsequent to the decedent's death).
Finally, the plain language of the statute also classifies "costs" as a Class 1 priority. § 733.707(1)(a). We see no distinction between these costs and the attorney's fees awarded against the estate, especially when both are awarded simultaneously. Unless the costs awarded against an estate are also a Class 8 priority, an interpretation which is contrary to the express language of subsection (1)(a), then attorney's fees in the same case should be a Class 1 priority under the expenses of administration.
In those circumstances where a personal representative takes action to benefit the estate, rejects an offer of judgment and then loses, any attorney's fees assessed by the court to the prevailing party should be a Class 1 priority of the estate. If the court determines that the personal representative exceeded his or her authority in bringing the action or in rejecting the offer of judgment, then the trial court should surcharge the personal representative, not deny Class 1 priority status to the obligation. See § 733.617(7), Fla. Stat. (1995) (compensation for personal representative may be increased or decreased by the court based upon a number of enumerated factors, including the "benefits or detriments resulting to the estate or its beneficiaries from the personal representative's services").
For the reasons discussed above, we conclude that the attorney's fees awarded against the personal representative here are a Class 1 priority. Thus, we answer the certified question accordingly, quash the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
SHAW, J., dissents with an opinion, in which OVERTON, J., concurs.
SHAW, Justice, dissenting.
I respectfully dissent from the majority's conclusion that fees awarded against the personal representative for initiating and pursuing a futile claim should be accorded highest priority against the estate's assets. Such fees, in my opinion, are a Class 8, not Class *1376 1, priority under section 733.707, Florida Statutes (1995).[1]
According to subsection 733.707(1)(a), Class 1 priorities embrace "[c]osts, expenses of administration, and compensation of personal representatives and their attorneys' fees." In other words, section 733.707 accords special priority to the payment of costs and expenses that facilitate administration of the estate. The reason for this is clear: Unless the estate is successfully administered, everyone losesi.e., no one gains fair or orderly access to the estate's assets. Fees for attorneys acting on behalf of the estate thus warrant favored status. See § 733.707(1)(a), Fla. Stat. (1995).
The payment of fees for attorneys acting against the estate, on the other hand, plays only a tangential role in the orderly administration of the estate's affairsi.e., it facilitates satisfaction of but a single obligation. As a rule, nothing distinguishes such an award from any other third-party claim. Accordingly, payment of an attorney's fee award against an estate properly falls within the "catch-all" provision of subsection (h), rather than the special requirements of subsection (a).[2] Holders of such an award must take their fair place in line with other Class 8 creditors.
The court in Tillman v. Smith, 533 So.2d 928 (Fla. 5th DCA 1988), recognized this:
The trial court held that [attorney's fees incurred by an estate beneficiary for legal services that benefitted the estate] constituted costs and expenses of administration. Clearly, the statute differentiates between "costs, expenses of administration" and attorney fees. It enumerates them separately and the only attorney fees it places in Class 1 are those incurred by personal representatives [for their attorneys]. Had the legislature intended any attorney fee taxable against the estate to have a Class 1 priority, it would have been a simple matter to say so. As the appellant points out, it is a fundamental rule of statutory interpretation that the mention of one thing implies the exclusion of another (espressio unius est exclusio alterius). The attorney fees at issue must fall within Class 7 [currently Class 8], not Class 1.
Id. at 929 (citations omitted) (emphasis added). The estate in the present case points out that the legislature has twice revisited section 733.707 since Tillman was decided and has done nothing to alter the language of subsection (a).[3]
Based on the foregoing, I would hold that an attorney's fee award against an estate's *1377 personal representative, such as Teague's award against Puckett, constitutes a Class 8not a Class 1priority under section 733.707, Florida Statutes (1995). I would approve the result in Teague on this issue.
Classifying attorneys' fees awarded against a personal representative as a Class 1 priorityas the majority opinion doesputs such fees ahead of the following essentials: funeral expenses and grave markers (Class 2), medical expenses for the last sixty days of the decedent's life (Class 4), family allowance (Class 5), and child support arrearages (Class 6). See § 733.707(1), Fla. Stat. (1995). This scheme in my opinion punishes the wrong partyit exacts no toll from the personal representative for initiating and pursuing a fruitless claim, but rather taxes the dying (i.e., by impeding their ability to obtain hospital, hospice, and home care during the last sixty days of their lives), the grieving (i.e., by hindering their ability to obtain a funeral and grave marker for the decedent), and the dependent (i.e., by infringing on their ability to obtain support).
The majority's holding is not mandated by the plain language of the statute and has no compelling basis in either logic or policy. Under the majority's reasoning, the dying in Florida may be left in pain and filth during their final days, the dead may be left unburied, the decedent's grave may be left unmarked, and the decedent's family and minor children may be left without sustenanceall so that the lawyers prevailing against the personal representative can get first crack at, and in a worst case scenario exhaust, the estate's assets. This is an illogical, heartless rule of lawand a self-serving one for the legal profession. I would not pursue such a repugnant course without clearer signals from the legislature.
I respectfully dissent.
OVERTON, J., concurs.
NOTES
[1] The order in which the expenses of administration and obligations of an estate are paid is set out in Florida Statutes:

(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1.Costs, expenses of administration, and compensation of personal representatives and their attorneys' fees.
(b) Class 2.Reasonable funeral, interment, and grave marker expenses, whether paid by a guardian under s. 744.441(16), the personal representative, or any other person, not to exceed the aggregate of $3,000.
(c) Class 3.Debts and taxes with preference under federal law.
(d) Class 4.Reasonable and necessary medical and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending him.
(e) Class 5.Family allowance.
(f) Class 6.Arrearage from court-ordered child support.
(g) Class 7.Debts acquired after death by the continuation of the decedent's business, in accordance with s. 733.612(22), but only to the extent of the assets of that business.
(h) Class 8.All other claims, including those founded on judgments or decrees rendered against the decedent during his lifetime, and any excess over the sums allowed in paragraphs (b) and (d).
§ 733.707(1), Fla. Stat. (1995).
[2] Teague argues that the word "claims" in subsection (g) does not embrace her attorney's fee award because "claims" is defined in section 731.201 as embracing only obligations incurred by the decedent during his or her lifetime. This argument is unavailing. According to its plain language, the definition of "claims" in section 731.201 is not so limited:

(4) "Claims" means liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses. The term does not include expenses of administration or estate, inheritance, succession, or other death taxes.
§ 731.201, Fla. Stat. (1995).
[3] See ch. 95-401, § 10, at 3286-87; ch. 93-257, § 11, at 2508-09; ch. 93-208, § 20, at 2083-84, Laws of Fla.